Mark S. Williams, SBN 127357
mwilliams@fagenfriedman.com
Gretchen M. Shipley, SBN 208768
gshipley@fagenfriedman.com
FAGEN FRIEDMAN & FULFROST, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Phone: 510-550-8200
Fax: 510-550-8211

Attorneys for
Defendant Lakeside Joint School District

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ISAIAH JOSEPH WINTERS (A MINOR CHILD), BY PHILIPPE & ELISE STASSART, LEGAL GUARDIANS, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>LAKESIDE JOINT SCHOOL DISTRICT,<br><br>Defendant. | CASE NO. C08 01511 (PVT)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM**<br><br>[F.R.C.P. Rules 12(b)(1), 12(b)(6)]<br><br>Date: June 3, 2008<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Magistrate Judge: Patricia V. Trumbull<br><br>*Filed concurrently with*<br><br>1. Notice of Motion and Motion to Dismiss<br>2. Declaration of Mark Williams<br>3. [Proposed] Order |

---

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LAKESIDE JOINT
SCHOOL DISTRICT'S MOTION TO DISMISS THE COMPLAINT

C08 01511 PVT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs, legal guardians ("Guardians") and minor child ("Student") have filed a complaint ("Complaint")[1] alleging that Lakeside Joint School District ("District" or "Defendant") violated their civil rights and denied Student access to an appropriate free public education by not providing sixth through eighth grade within Student's home high school district. (Complaint p. 3:20-21; 9:1-3.)

First, Plaintiffs lack capacity to bring the instant action because Guardian(s) have not been appointed as guardian *ad litem* and Student is not represented by counsel. To the extent Guardians bring this action on behalf of Student, they are seeking to be considered guardian *ad litem*. In order to represent Student and serve as guardian *ad litem*, Guardian(s) are required to petition the Superior Court in a separate case for an order appointing Plaintiff. Such appointment must be performed before the Court issues a summons in the instant matter. Cal. Civ. Proc. § 373(a). Since a summons has already been issued, Plaintiffs are in violation of the statute. Additionally, in order to bring the instant action on behalf of Student, Guardians are required to secure the services of an attorney. While a party may represent themselves *pro se*, they cannot represent another person *pro se*, even if the person is serving as guardian *ad litem*. *J.W. v. Superior Court*, 17 Cal.App.4th 958, 965-967 (1993). Therefore, the Court lacks subject matter jurisdiction over Plaintiffs' Complaint under Federal Rule of Civic Procedures 12(b)(1) because Plaintiffs lack capacity to bring this action.

Moreover, even if Plaintiffs could establish capacity to bring this lawsuit, Plaintiffs action should still be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. Plaintiffs' Complaint alleges that the District violated their civil rights by not offering middle school in Student's home high school district area. However, it is

---

[1] It is not clear from the caption and the body of the Complaint whether Guardians intend to file the suit on behalf of Student or whether they also intend to be Plaintiffs themselves. For the purposes of this Motion, Defendant assumes both Student and Guardians are Plaintiffs.

Fagen Friedman & Fulfrost, LLP
1 Civic Center Drive, Suite 300
San Marcos, California 92069
Main: 760-304-6000 • Fax: 760-304-6011

established that "[t]he obligation to provide free education does not encompass a duty to provide schools that are geographically convenient to the parent." *Helena F. v. West Contra Costa Unified School District*, 49 Cal.App.4th 1793, 1800 (1996), citing *San Francisco Unified School Dist. v. Johnson*, 3 Cal.3d 937, 959, fn. 29 (1971). Therefore, Plaintiffs have not and cannot state a cause of action that their constitutional rights have been violated.

Finally, Plaintiffs failed to exhaust their administrative remedies before bringing this action. Failure to comply with the Uniform Complaint Procedure is grounds for dismissal under Federal Rule of Civil Procedure 12(b)(1) with respect to the declaratory relief cause of action, as the Court lacks subject matter jurisdiction. *Tri-County Special Education Local Plan Area et al. v. County of Tuolumne et al.*, 123 Cal.App.4th 563, 575-576, 579 (2004). Until administrative procedures and remedies are exhausted through the Uniform Complaint Procedure, the Court lacks jurisdiction to hear Plaintiffs declaratory relief claim and that cause of action should be dismissed.

For all of the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss.

## II.   SUMMARY OF RELEVANT FACTS

Plaintiffs allege that the District violated their civil rights and denied Student access to an appropriate free public education by not providing sixth through eighth grade within Student's home high school district, which is Los Gatos-Saratoga Union High School District. (Complaint p. 3:20-21; 9:1-3.) Student is represented by his legal guardian, Elise Stassart *pro se*. There is no attorney representing Student. Neither Guardian has been appointed by the Court as a guardian *ad litem*.

The District offers kindergarten through fifth grade. (Complaint p. 2:19-20.) The District contracts with a neighboring district, Campbell Union School District, for students to attend sixth through eighth grade at Rolling Hills Middle School. (Complaint p. 3:6-8.)

Student is currently in sixth grade at Rolling Hills Middle School. (Complaint p. 9:9.) He is an individual with exceptional needs, within the meaning of Title 34 of the Code of Federal Regulations section 104.3(j) and is currently eligible for section 504 services. (Complaint p. 8:7-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LAKESIDE JOINT SCHOOL DISTRICT'S MOTION TO DISMISS THE COMPLAINT

8.) Plaintiffs allege that Student's attendance at Rolling Hills Middle School will result and has resulted in increased anxiety and poor performance in school. (Complaint p. 9:6-7.) Additionally, Plaintiffs contend that Guardians are unduly burdened by having to pick up Student from the Middle School and drive him to his after school activities. (Complaint p. 10:18-20.)

On March 19, 2008, Plaintiffs filed the instant Complaint seeking a temporary and permanent injunction enjoining the District from failing or refusing to fund the education of Student and to allow him to attend middle school within his home high school district. (Complaint p.11:6-14.) Plaintiffs further seek a judicial declaration that the District is required to provide a free and public education for all their students, including sixth, seventh and eighth graders within the Los Gatos-Saratoga Union High School District. (Complaint p.11:16-18.)

### III. LEGAL ARGUMENT

#### A. Standard of Review for Motion to Dismiss

The District brings this motion pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and respectfully requests that the Court dismiss Plaintiffs' Complaint based on the Court's lack of subject matter jurisdiction over Plaintiffs' claims. Motions to dismiss for lack of subject matter jurisdiction can either facially attack the allegations of the complaint as a matter of law or factually attack the existence of a subject matter jurisdiction. *Thornhill Publishing Co., Inc., v. General Telephone and Electrics Corp.*, 597 F.2d 730, 733 (9th Cir. 1979). In this case, Defendant asserts a facial attack on Plaintiffs Complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Porter v. Board or Trustees*, 307 F.3d 1064, 1069 (9th Cir. 2002). With a facial attack on subject matter jurisdiction, the court may only consider the allegations in the operative pleading. The court must assume plaintiffs' allegations to be true and draw all reasonable inferences in their favor. FED.R.CIV.P. 12(b)(1); *see also, Saridakis v. United Airlines*, 166 F.3d 1272, 1274 n. 1 (9th Cir. 1999).

Plaintiffs Complaint is deficient on its face. Plaintiffs' allegations are insufficient as a matter of law to invoke federal jurisdiction. First, Plaintiffs lack capacity to bring the instant

Fagen Friedman & Fulfrost, LLP
1 Civic Center Drive, Suite 300
San Marcos, California 92069
Main: 760-304-6000 • Fax: 760-304-6011

action. A guardian *ad litem* has not been appointed and an attorney is not representing the Student. Second, the Complaint does not contain allegations which demonstrate that Plaintiffs exhausted their administrative remedies such that the Court has subject matter jurisdiction over this case.

Second, the District brings this Motion to Dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed.R.Civ.Proc. 12(b)(6). To survive a motion to dismiss under this rule, a plaintiff must show that he or she has alleged sufficient facts which, if true, would confer upon him or her the relief sought. *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006). In this motion, Defendants contend that Plaintiffs have failed to adequately plead a violation of civil rights in a manner which demonstrates that relief could be granted as sought.

Under both Federal Rules of Civil Procedure Rule 12(b)(1) and 12(b)(6), the Court should dismiss Plaintiffs' lawsuit in its entirety.

### B. The Court Lacks Subject Matter Jurisdiction Because Plaintiffs Do Not Have the Capacity to Bring This Action

Plaintiffs should be dismissed because Guardians lack capacity to represent Student in the instant case. Without Student, the Complaint is eviscerated for all practical purposes and as such, Plaintiffs' Complaint should be dismissed in its entirety. In the alternative, the District requests that the Court dismiss Student from the action based on the grounds that he is a minor and is not adequately represented.

A plaintiff lacks capacity to sue if they have not been properly appointed as a guardian ad litem. Fed.R.Civ.Proc. 17(b) and (c); *Crawford v. Neal*, 56 Cal. 321 (1880). Federal law looks at state law to determine the issue of capacity. *Id*; *Van Dusen v. Barrack*, 37 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Lack of capacity to sue must be raised by motion prior to answer and is grounds for dismissal. *Coburn v. Coleman*, 75 F.Supp. at 109.

In California, when a minor is a party to an action, a guardian ad litem must be appointed

as a matter of law. *In re D.D.*, 144 Cal.App.4th 646 (2006). Appointment of a guardian ad litem is governed by California Civil Procedure sections 372 and 373. California Code of Procedure section 373(a) requires appointment of a guardian ad litem before a summons is issued. Otherwise, lack of capacity to sue may be plead by the defendant. *Crawford*, 56 Cal., at 321-322. In this case, the summons was issued on March 19, 2008 and neither Guardian has been appointed as a guardian ad litem. Therefore, Plaintiffs lack capacity to sue on behalf of Student.

Additionally, in order to bring the instant action on behalf of Student, Plaintiff is required to secure the services of an attorney. While a party may represent themselves *pro se*, they cannot represent another person *pro se*, even if the person is serving as guardian *ad litem*. *J.W. v. Superior Court*, 17 Cal.App.4th 958, 965-967, 968 (1993), "neither the common law nor guardianship statutes sanction an exception to the Sate Bar Act prohibition against the unauthorized practice of law in favor of guardians acting for their wards"; *see also, Mossanen v. Monfared*, 77 Cal.App.4th 1402, 1409 (2000), mother acting as guardian ad litem for minor son could not represent son's interests without counsel.

Based on the foregoing, the Court should dismiss Plaintiffs' Complaint because Plaintiffs do not have capacity to bring the instant action. In the alternative, the Court should at least dismiss the Complaint with respect to Student.

C. **Even If Plaintiffs Could Establish Capacity to Sue, the Complaint Fails to State a Claim Because Inconvenience In Attending A School Is Not A Constitutional Violation**

Plaintiffs' Complaint must be dismissed because it is based on the premise that attending a non-neighborhood school is a constitutional violation, a proposition long rejected by the courts. A student's right to an education is enshrined in the California Constitution and promoted by a vast web of federal statutes. Article 9, section 5, establishes the standard for public education in California:

Fagen Friedman & Fulfrost, LLP
1 Civic Center Drive, Suite 300
San Marcos, California 92069
Main: 760-304-6000 • Fax: 760-304-6011

> "The legislation shall provide for a system of common schools by which a free school shall be kept up and supported in each district at least six months in every year, after the first year in which a school has been established."

This system of common schools has been interpreted to mean that students shall share a common course of study and educational progressions from grade to grade, within a unified system of education. *Serrano v. Priest*, 5 Cal.3d 584, 599 (1971). For this reason, the California statutes have detailed provisions regarding *what* subjects should be studied and *when* they should be studied. *See*, e.g. Education Code section 51210, et seq. (elementary student curriculum); Education Code section 51220 (middle and high school students). Similarly, the statutory scheme for the requirements of high school graduation are comprehensive. Education Code section 60850, et seq.

In contrast to curriculum and graduation requirements, school districts are given flexibility and discretion as to *where* students will receive the uniform education described above. The statute pertaining to where a student shall attend school lists a neighborhood school as a factor in the decision making process. Education Code section 35160.5 (b)(2)(C). But other factors are listed as important as well, including the right of parents to select any school within a district their child may attend, and concentrating specialized services or subjects in one school, rather than another. Education Code section 35150.5 (b)(2)(A) and (B).

The reason for this flexibility in the location of a student's education has to do with the sheer size and varied demographic circumstances in which school districts operate. Given the multiplicity of circumstances affecting, making one factor absolute in the determination of attendance policy would be costly and impractical. A court addressed this problem at some length:

> "The educational structure of California is not, and cannot be, so designed that every pupil is provided with a school within walking distance of his home. In rural areas almost all students travel by school bus; in urban areas the attendance zones of secondary schools often exceed a walking radius. Further, school boards must often assign students to schools

> outside their immediate neighborhood in order to relieve overcrowding in particular structures, or to facilitate repair or remodeling. Thus, a construction of section 1009.5 which permitted a parent to demand that a child be assigned to a school within walking distance of his home would, in effect, give the parents a right to demand impossible results. At the least, the efforts of school boards to accommodate such demands would create intolerable administrative expense and burden."

*San Francisco Unified School District*, 3 Cal. 3d. 937, 959, fn. 29 (1971).

The impossible demands of parents is particularly present in this case. The District does not offer instruction for the sixth, seventh and eighth grades. If Plaintiffs' request is granted, the District would have to create entire programs for the sixth, seventh and eighth grades. Curriculum for the sixth, seventh and eighth grade is different from the curriculum for first through fifth grade. Education Code sections 51220 and 60850. The District would have to create programs and hire staff for the benefit of one student.

Fortunately, the courts have held that the District is not required to engage in such wasteful activity. The right to a free and common education does not extend to school districts the duty to provide schools that are geographically convenient to parents. *Helena F. v. Contra Costa Unified School District*, 49 Cal. App 4th 1793, 1800 (1996). In *Helena F.*, students were assigned to schools not within each students' attendance zone. The reassignment was based on programmatic and statutory needs. *Helena F.*, 49 Cal.App. 4th at 1799-1800.

In *Helena F.*, the school district offered an alternative school placement to students who not enroll in the school near their residence if it was already at capacity. *Helena F.*, 49 Cal.App. 4th at 1798. Parents had to provide transportation to the more distant school location. *Id. at 1796-1797*. Two of the plaintiffs were second grade sisters and the district offered the placement in two different schools. Additionally, their mother was unable to transport them to school due to injury. Another second grade plaintiff was unable to obtain transportation to the alternative school placement because both of her parents worked. (*Id.*)

The facts found in the *Helena F.* case apply here. The student is attending a school in another district because the District here does not offer education for the sixth, seventh and eighth grades. This affects all students, not just the student here. Plaintiffs do not argue that Student's

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LAKESIDE JOINT SCHOOL DISTRICT'S MOTION TO DISMISS THE COMPLAINT

1 attendance at another school deprives him of an education, they merely state that it makes things inconvenient to them in terms of transportation.[2] Such inconvenience does not rise to the level of a constitutional deprivation and their complaint should be dismissed.

### D. The Court Lacks Subject Matter Jurisdiction Because Plaintiffs Did Not Exhaust Their Administrative Remedies

The jurisdiction of federal courts is limited by Article III of the Constitution and "those subjects encompassed within a statutory grant of jurisdiction." *Richardson v. United States*, 943 F.2d 1107, 1112-13 (9th Cir. 1991), quoting *Insurance Corp. of Ireland, Ltd. v. Compangnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099, 2103-2104, 72 L.Ed.2d 492 (1982); *see also* U.S. CONST. art. III, §2. Stated another way, Plaintiffs must exhaust their administrative remedies in the form of a uniform complaint before bringing this civil action.

The Complaint does not allege that Plaintiff complied with the District's Uniform Complaint Procedure. California Code of Regulations, Title 5, section 4610(c) states that the Uniform Complaint Procedure applies to the filing of complaints which allege unlawful discrimination ... in any program or activity conducted by a local agency, which is funded directly by, or that receives or benefits from any state financial assistance.

Failure to comply with a public entity's uniform complaint procedure is grounds for dismissal of a declaratory relief action, based on the failure to exhaust administrative remedies. *Tri-County*, 123 Cal.App.4th at 575-576, 579. When administrative remedies are not exhausted and legislative procedures not followed by a claimant, a court lacks jurisdiction to hear the claim. *Vacek v. U.S. Postal Service*, 447 F.3d 1248 (9th Cir. 2006); *2974 Properties Inc. v. Resolution Trust Corp.*, 23 Cal.App.4th 871, 879-880; *Yurick v. Superior Court*, 209 Cal.App.3d 1116, 1121-1122 (1989). Moreover, compliance with proscribed administrative procedures is obligatory for jurisdictional purposes, even if the claimant believes that such act will be futile. *Bennett v.*

---

[2] If Plaintiffs wish to address Student's performance problems at Rolling Hills Middle School (Complaint p. 9:6-7), Plaintiffs have administrative and legal actions available other than this lawsuit.

*Borden, Inc.,* 56 Cal.App.3d 706, 710 (1976). Thus, as a result of the failure to exhaust administrative remedies, the Court completely lacks subject matter jurisdiction over Plaintiffs' Complaint.

### E. Any Leave to Amend Should Only Be Granted on Condition of Paying Defendant's Costs

While Defendant recognizes the Court's liberal policy of granting leave to amend to *pro se* litigants, any such amendment should only be granted on the condition that Plaintiffs pay Defendant's costs to prepare this Motion to Dismiss. Upon receipt of Plaintiffs' Complaint, Defendant advised Plaintiffs of the defects in the Complaint, including their obligation to petition Superior Court to be appointed as a guardian *ad litem* and to retain an attorney for Student. (Declaration of M. Williams, par. 3.) Defendant advised Plaintiffs of these defects, "so that you may correct it without the necessity of our bringing a motion to have your case dismissed." (*Id.*) Rather than take affirmative steps to correct the defects, Plaintiff responded by saying, that the court would give her "leeway". (*Id.* at par. 4) Plaintiff Stassart did not respond when she was advised later that her complaint is a policy rather than a constitutional dispute. (Id. at par. 5) She was further told that she had not complied with the District's Uniform Complaint Procedure.

Plaintiffs should not be able to take advantage of the Court's liberal policy of granting leave to amend to *pro se* litigants and thereby, cause judicial waste and unnecessary costs to the District in preparing this Motion to Dismiss. *See, General Signal Corp. v. MCI Telecommunications Corp.*, 66 F3d 1500, 1514 (9th Cir. 1995), (leave to amend granted on condition that plaintiff pay costs incurred by opposing party). As such, the District requests that if the Court gives Plaintiffs the opportunity to amend their Complaint, such amendment be conditioned on payment of Defendant's costs in preparing this Motion to Dismiss.

### IV. CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court grant this Motion to Dismiss.

DATED: April 23, 2008

Respectfully submitted,

FAGEN FRIEDMAN & FULFROST, LLP

By: _____
Mark S. Williams
Attorneys for
Defendant Lakeside Joint School District

00120.00006/72729.1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LAKESIDE JOINT SCHOOL DISTRICT'S MOTION TO DISMISS THE COMPLAINT