**FILED**

2008 APR 24  A 9 59

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA/S.J.

1  Mark S. Williams, SBN 127357
   mwilliams@fagenfriedman.com
2  Gretchen M. Shipley, SBN 208768
   gshipley@fagenfriedman.com
3  FAGEN FRIEDMAN & FULFROST, LLP
   70 Washington Street, Suite 205
4  Oakland, California  94607
   Phone: 510-550-8200
5  Fax: 510-550-8211

6  Attorneys for Lakeside Joint School
   District, Defendant

7

8              UNITED STATES DISTRICT COURT

9    NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11  ISAIAH JOSEPH WINTERS (A          CASE NO. C08-01511 (PVT)
    MINOR CHILD), BY PHILIPPE &
12  ELISE STASSART, LEGAL             **DECLARATION OF MARK S.**
    GUARDIANS, ET AL.,                **WILLIAMS IN SUPPORT OF**
13                                    **DEFENDANT'S MOTION TO**
                 Plaintiffs,          **DISMISS**
14
           vs.                        [F.R.C.P. Rules 12(b)(1), 12(b)(6)]
15
    LAKESIDE JOINT SCHOOL             Date:            June 3, 2008
16  DISTRICT,                         Time:            10:00 a.m.
                                      Courtroom:       5, 4th Floor
17               Defendant.           Magistrate Judge: Patricia V.
                                      Trumbull
18
                                      *Filed concurrently with*
19
                                      1.    Memorandum of Points &
20                                          Authorities
                                      2.    [Proposed] Order
21                                    3.    Notice of Motion and Motion to
                                          Dismiss
22

23              DECLARATION OF MARK S. WILLIAMS

24       I, Mark S. Williams, declare as follows:

25       1.     I am a partner with the law firm of Fagen Friedman & Fulfrost, LLP,

26  counsel for Lakeside Joint School District, Defendant in this matter.  I have personal

27  knowledge of the matters set forth below and could competently testify thereto.

28

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

2.    While reading Plaintiff's Complaint, I noticed that Plaintiff had failed to allege that she had been appointed guardian *ad litem* for the Student. I further noted that the Student was not represented by counsel.

3.    On April 2, 2008, I sent a letter to Plaintiff. I pointed out the lack of an appointment of a guardian *ad litem* for the student and the need for the student to obtain counsel. A true and correct copy of this letter is attached hereto as Exhibit "A." We asked the Plaintiff to dismiss the lawsuit until such time that she had been appointed guardian *ad litem* by the Court and obtained counsel. I informed her that if the case were dismissed, the District would not bring a motion to dismiss the Complaint.

4.    On April 5, 2008, Plaintiff Stassart responded to my correspondence. A true and correct copy of this correspondence is attached hereto as Exhibit "B." Plaintiff Stassart stated that the Court would give her "leeway" on the issues raised by my letter. She did not agree to dismiss her lawsuit.

5.    On April 18, 2008, I again corresponded with Plaintiff Stassart. A true and correct copy of this letter is attached hereto as Exhibit "C." I informed her that the issues raised by her in her lawsuit were matters of policy to be addressed in the political realm. I further informed her that inconvenience in attending school did not trigger constitutional protections. Finally, I informed her that she had failed to file a Uniform Complaint prior to filing suit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 23, 2008, at Oakland, California.

Mark S. Williams

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

00355.00030/72887.1

DECLARATION OF MARK S. WILLIAMS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS



Peter K. Fagen
Howard A. Friedman
Howard J. Fulfrost
Melanie A. Petersen
Laurie S. Juengert
Laurie E. Reynolds
James B. Fernow
Christopher D. Keeler
Jan E. Tomsky
Jonathan P. Read
Christopher J. Fernandes
Douglas N. Freifeld
Roy A. Combs
Mark S. Williams
Lenore Silverman
Kimberly A. Smith
Kathleen J. McKee
Deborah R. G. Cesario
Ricardo R. Silva
Wesley B. Parsons

Elizabeth B. Mori
Lee G. Rideout
Joel B. Mason
Gretchen M. Shipley
William F. Schuetz, Jr.
Shawn Olson Brown
Kelly R. Minnehan
Angela Gordon
Jennifer R. Rowe
Joshua A. Stevens
Emily E. Sugrue
Rachel C. Disario
Emilia C. Huntley
Dean T. Adams
Summer D. Dalessandro
Vivian L. Haun
Tiffany M. Santos
L. Carlos Villegas
Elise Kirsten
Sarah S. Orman
Kerrie E. Taylor
Susan Park
Melissa Hatch
Maggy M. Athanasious
Susan B. Winkelman

Diana McDonough
  Of Counsel

April 3, 2008

Mark S. Williams
Direct Dial: 510-550-8228
mwilliams@fagenfriedman.com

**ATTORNEY-CLIENT PRIVILEGE**

Via U.S. Mail

Ms. Elise Stassart
21951 Bear Creek Way
Los Gatos, CA 95033

Re:     Winters v. Lakeside Joint School District; Case Number C08 01511

Dear Ms. Stassart:

I am counsel for the Lakeside Joint School District ("District"), defendant in this matter. All communications regarding the case should be directed to me rather than to the District. I have had an opportunity to review your Complaint. I have found several problems in your Complaint that will force the court to dismiss it. I bring it to you attention now, so that you may correct it without the necessity of our brining a motion to have your case dismissed.

You are bringing this action on behalf of your son. As such, you seek to be considered the guardian *ad litem*, Isaiah Winters. In order to represent him and serve as his guardian *ad litem*, you must petition the Superior Court in a case separate from this matter to be appointed. Your appointment as guardian must be performed before the court has issued a summons. (Code of Civil Procedure section 373(a).) Since a summons has already been issued, you are in violation of the statute.

In order to bring this action on your son's behalf, you also must secure the services of an attorney. A party may represent herself, *pro se*, but she cannot represent another person *pro se*, even if that person is serving as guardian *ad litem*. (*J.W. v. Superior Court* (1993) 17 Cal. App.4th 958; 22 Cal. Rptr.2d 527.) Therefore, before bringing this suit, you must not only be appointed guardian *ad litem*, you must also have your son be represented by an attorney.

Exhibit A

Ms. Elise Stassart
April 3, 2008
Page 2


     We ask that you dismiss your lawsuit and file it once you have met these procedural requirements. We ask that you provide us with a response by April 15, 2008.

Sincerely,

FAGEN FRIEDMAN & FULFROST, LLP


Mark S. Williams

MSW:msw

cc:    Mr. Bob Chrisman
       Ms. Gretchen Shipley, Esq.


00250.00005/69847.1

Elise Stassart
21951 Bear Creek Way
Los Gatos, CA 95033

April 5, 2008

Via US Mail

Mark S. Williams
Fagen Friedman & Fulfrost LLP
70 Washington Street, Suite 205
Oakland, CA 94607

Re:    Winters, Stassart, et al v. Lakeside Joint School District, Case Number c08 01511

Dear Mr. Williams,

Thank you for your kind letter of April 3, 2008. The District Court provides some
leeway for pro-se plaintiffs in bringing civil rights complaints. In my previous
experience, the court is concerned with the following issues: Does the plaintiff(s) have
standing? Did they serve the correct party? Was the summons properly served? Do they
have arguments to support their case?

Since I meet those criteria, I do not intend to dismiss the case. You are certainly free to
file a motion to dismiss along with filing any declaratory response.

I would be happy to dismiss the case once Lakeside Joint School District has facilitated
the admission of my child into Fisher Middle School, which is the closest middle school
to our residence, pursuant to the Fourteenth Amendment and *20 USC 1714*.

Warmest regards,

Elise Stassart

Elise Stassart

Exhibit B



Fagen Friedman & Fulfrost LLP

Peter K. Fagen
Howard A. Friedman
Howard J. Fulfrost
Melanie A. Petersen
Laurie S. Juengert
Laurie E. Reynolds
James B. Fernow
Christopher D. Keeler
Jan E. Tomsky
Jonathan P. Read
Christopher J. Fernandes
Douglas N. Freifeld
Roy A. Combs
Mark S. Williams
Lenore Silverman
Kimberly A. Smith
Kathleen J. McKee
Deborah R. G. Cesario
Ricardo R. Silva
Wesley B. Parsons

Elizabeth B. Mori
Lee G. Rideout
Joel B. Mason
Gretchen M. Shipley
William F. Schuetz, Jr.
Shawn Olson Brown
Kelly R. Minnehan
Angela Gordon
Jennifer R. Rowe
Joshua A. Stevens
Emily E. Sugrue
Rachel C. Disario
Emilia C. Huntley
Dean T. Adams
Summer D. Dalessandro
Vivian L. Haun
Tiffany M. Santos
L. Carlos Villegas
Elise Kirsten
Sarah S. Orman
Kerrie E. Taylor
Susan Park
Melissa Hatch
Maggy M. Athanasious
Susan B. Winkelman

Diana McDonough
Of Counsel

April 18, 2008

Mark S. Williams
Direct Dial: 510-550-8228
mwilliams@fagenfriedman.com

**Via U.S. Mail**

Ms. Elise Stassart
21951 Bear Creek Way
Los Gatos, CA  95033

Re:    Winters, Stassart, et al. v. Lakeside Joint School District: Case
       No. C0801511

Dear Ms. Stassart:

I am in receipt of your correspondence of April 16, 2008, in which you describe your efforts to obtain enrollment for your son at the District.  You are correct in stating that you attempted to obtain relief "the proper" way (i.e., through the political process).  You mentioned speaking to the Governing Board.  You mentioned that you had written the SCCOE, the District, and the California Office of Education.  You also initiated a petition drive for a territory transfer.

These efforts were proper because the issues you present are political issues, that is, having to do with policy.  It is your honest belief that the District and its students would be better served if students in higher grades could attend schools within the District and not in schools in adjoining districts.  The determination of these issues will involve the review and weighing of competing policies, including costs, resources and quality of education.  The balancing of these issues is what the political system does.

If your efforts were unsuccessful at the local level, your appeal of a policy question is to lobby the state legislature, not to file a lawsuit in a federal court. Federal courts do not judge the wisdom of political decisions.  A court's review is much narrower.  Generally speaking, courts determine whether these decisions unjustly harmed a protected class of persons or a protected right.

It is at this point that your lawsuit runs into trouble.  The only protected *class* mentioned in your complaint is the fact that your son receives special services, pursuant to Section 504.  However, allegations that he is not receiving the appropriate education are handled by a separate administrative process, not the constitutional one.

Exhibit C

70 Washington Street, Suite 205, Oakland, California  94607    Main: 510-550-8200    Fax: 510-550-8211
www.fagenfriedman.com

Ms. Elise Stassart
April 18, 2008
Page 2

The only protected *right* you could be alleging here is the right to an education. However, even if all of the allegations you state are true, your complaint fails to show a violation of the Constitution by the District. The fact that your son attends a school at a greater distance than you prefer may be a valid concern. But inconvenience in attending school does not trigger constitutional safeguards.

In closing, if you are really pressing for a vindication of your civil rights or those of your son, you are required to file a complaint with the District using the District's uniform complaint Procedure. Filing a complaint and completion of the Complaint process is a prerequisite to filing suit against the District. We have enclosed the relevant policies. Please let me know if I can be of further assistance in this.

Sincerely,

FAGEN FRIEDMAN & FULFROST, LLP

Mark S. Williams     by: Katty Jenkins

MSW:kaj

Enclosures

cc:     Mr. Bob Chrisman
        Ms. Gretchen Shipley, Esq.

00305.00001/71842.1