```
                                                    FILED
1  ELISE STASSART, PRO SE
                                                 2008 APR 28  A 9: 36
2  21951 BEAR CREEK WAY
                                                  RICHARD W. WIEKING
3  LOS GATOS, CA 95033                                   CLERK
                                                  U.S. DISTRICT COURT
4                                                 NO. DIST. OF CA. S.J.

5  IN THE UNITED STATES DISTRICT COURT

6  FOR THE NORTHERN DISTRICT OF CA

7
8  ISAIAH [A MINOR CHILD], BY              ) Case No.: C08 01511 (PVT)
9  PHILIPPE & ELISE STASSART, LEGAL GUARDIANS)
10 ET AL                                   ) PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
11 21951 BEAR CREEK WAY                    ) DEFENDANT'S MOTION TO DISMISS AND MOTION
12 LOS GATOS, CA 95033                     ) FOR SUMMARY JUDGEMENT
13 PLANTIFFS                               ) Date:  June 3, 2008
14 Vs.                                     ) Time:  10:00 am
15 LAKESIDE JOINT SCHOOL DISTRICT          ) Place: 5, 4th Floor
16 19621 BLACK ROAD                        ) Magistrate Judge:  Patricia V. Trumbell
17 LOS GATOS, CA 95033                     ) Filed concurrently with
18 DEFENDANT                                 MEMORANDUM OF POINTS AND AUTHORITIES
19                                           SUPPORTING PLAINTIFF'S MOTION FOR
20                                           PRELIMINARY & PERMANENT INJUNCTION;
21                                           EXHIBITS A THROUGH V
22
23 _____

24 The Plaintiffs, Philippe and Elise Stassart, along with their minor child,
25 Isaiah, hereby submit this "Memorandum in Opposition to Defendant's Motion to
26 Dismiss and Motion for Summary Judgement." The Defendant, Lakeside Joint
27 School District has moved to dismiss this matter pursuant to Cal. Civ. Proc.
28 373(a) and Fed. R. Civ. P. 23(b)(1) on the grounds that a) Plaintiffs are
```

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 1

required to have a guardian ad litem appointed on behalf of their minor child and b) Plaintiffs have failed to state a claim for which relief can be granted.

Defendant's claims are without merit.

**In** *Winkelman v. Parma City School District* , *U.S. Supreme Court (No. 05-983) Special Education,* the U.S. Supreme Court established that parents may bring suits on their own or their children's behalf without the assistance of counsel. The Court ruled that multiple provisions of IDEA indicate that parents are the co-owners of their child's right to an appropriate education. 1412(a)(10)(C)(ii); §1415(i)(3)(B)(i)(I) These provisions clearly endow the parents with substantive rights, for which the parents may seek redress in the courts.

Furthermore, the Court held that it would be inconsistent to interpret the statute as providing parents the right to pursue administrative remedies but not court remedies. The Court cited as examples section 1415(b)(8) (requiring a state educational agency to develop a model form to assist parents in filing a complaint); §1415(c)(2) (addressing the response an agency must provide to a parent's due process complaint notice); and §1415(i)(3)(B)(i);(referring to the parent's complaint).

Additionally, the Court noted that IDEA defines one of its purposes as seeking "to ensure that the rights of children with disabilities and parents of such children are protected." §1400(d)(1)(B)

The Court also rejected the argument of certain circuit courts that parents may have standing to litigate only particular claims, such as procedural violations or reimbursement requests. The Court reasoned that the statute

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 2

keeps parent in a central role, requiring schools to include parents in the substantive creation of the IEP and permitting parents to bring any due process claim related to the education of their child. The Court stated that "[w]ithout question a parent of a child with a disability has a particular and personal interest in fulfilling our national policy of ensuring equality of opportunity, full participation, independent living, and economic self-sufficiency for individuals with disabilities."

The Court concluded that the provisions of IDEA, through both text and structure, create in parents an "independent stake not only in the procedures and costs implicated by this process but also in the substantive decisions to be made."

Plaintiffs believe that they pleaded their right to bring this action in a sufficient manner pursuant to the notice pleadings provision of the Federal Rules of Civil Procedure. To the extent that Plaintiff's Complaint is inadequate to meet the threshold burden, Plaintiffs submit herewith a Memorandum of Points and Authorities supporting Plaintiff's motion along with Exhibits A through V.

Consideration of summary judgment requires the applications of the standards of *Harris v. H & W Contracting Co.*, 102 F.3d 516, 518 (11th Cir. 1996). The Court must "view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Stewart v. Happy Herman's Cheshire Bridge Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997). Summary judgment is proper only if the pleadings, depositions, and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 3

also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

In *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, 9 Fair Empl.Prac.Cas. (BNA) 439, 1 Empl.Prac.Dec. (CCH) 9656 (1957), the Supreme Court articulated its interpretation of the unambiguous language of Rule 8(a)(2): the plaintiff is merely required to give the defendant fair notice of the claim and the grounds upon which that claim is based.

The Court in *Conley* noted further that the Federal Rules of Civil Procedure do not require claimants to set out in detail the facts upon which they based their claim, but merely a short and plain statement of the claim that will give the defendant fair notice. As to overcoming a motion under Rule 12(b)(6), i.e., a motion to dismiss for failure to state a claim upon which relief can be granted, the Court in *Conley* opined that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt to the court that the plaintiff could prove no set of facts in support of the claim entitling the plaintiff to relief. The Court in *Conley* explained further that such simplified notice pleading was made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Federal Rules of Civil procedure to help define the issues more narrowly.

Defendant has failed to declare any reasons why Plaintiff would not prevail in this matter other than asserting a facial attack on Plaintiff's Complaint. Defendant does not deny the substantive facts in this case; namely that Lakeside Joint School District, in violation of district residents' civil rights and with full disregard of legislative intent, did willfully and knowingly transport students to a non-adjacent school district in order to

1 | avoid paying for the expense of the education for those students.
2 | For all the foregoing reasons, Plaintiffs respectfully requests that the
3 | Court deny the Defendant's Motion to Dismiss and grant Plaintiff's Motion for
4 | Summary Judgment.

Dated this 4/28/08

*Elise Stassart*
ELISE STASSART, PRO SE
21951 BEAR CREEK WAY
LOS GATOS, CA 95033

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 5