Mark S. Williams, SBN 127357
mwilliams@fagenfriedman.com
Gretchen M. Shipley, SBN 208768
gshipley@fagenfriedman.com
FAGEN FRIEDMAN & FULFROST, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Phone: 510-550-8200
Fax: 510-550-8211

Attorneys for
Defendant Lakeside Joint School District

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ISAIAH JOSEPH WINTERS (A MINOR CHILD), BY PHILIPPE & ELISE STASSART, LEGAL GUARDIANS, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>LAKESIDE JOINT SCHOOL DISTRICT,<br><br>Defendant. | CASE NO. C08 01511 PVT<br><br>**DEFENDANT LAKESIDE JOINT SCHOOL DISTRICT'S REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>[F.R.C.P. Rules 12(b)(1), 12(b)(6)]<br><br>Date:   June 3, 2008<br>Time:   10:00 a.m.<br>Courtroom:   5, 4th Floor<br>Magistrate Judge:   Patricia V. Trumbull |

Defendant LAKESIDE JOINT SCHOOL DISTRICT ("District" or "Defendant") submits this reply ("Reply") in response to Philippe and Elise Stassart ("Guardians"), along with their minor child ("Student") (collectively "Plaintiffs") Opposition to Defendant's Motion to Dismiss the Complaint ("Opposition") and Motion for Summary Judgment.[1] The District respectfully requests that the Court

---

[1] The District believes that the document filed by Plaintiffs titled "Memorandum in Opposition to Motion to Dismiss" is intended to be a Notice of Motion and Motion in Opposition. Plaintiffs filed a separate document titled "Memorandum of Points and Authorities Supporting Plaintiff's Motion for Preliminary Injunction", which the
(footnote continued)

grant the District's Motion to Dismiss and deny Plaintiffs' so-called Motion for Summary Judgment.

## I.

## THE COURT SHOULD ONLY CONSIDER PLAINTIFFS' ARGUMENTS THAT ARE RESPONSIVE TO THE MOTION TO DISMISS

As the Court is aware, the purpose of a motion to dismiss is to challenge a plaintiff's pleading and to assert defenses and objections. Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL, 9:1 (The Rutter Group 2006). In ruling on a motion to dismiss, the court generally cannot consider matters outside of the complaint. *Arpin v. Santa Clara Valley Transportation Agency* (9th Cir. 2001) 261 F3d 912, 925. Courts also cannot consider new facts alleged in an opposition and such allegations are deemed irrelevant. *See, Schneider v. California Dept. of Corrections* (9th Cir. 1998) 151 F3d 1994, 1197. Typically, an opposition must be limited to a response to the moving papers and should not include new evidence or argument that was not previously contained in the moving papers. *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-969 (9th Cir. 2006). In this case, Plaintiffs' make many procedural and substantive errors in the Opposition brief, which makes it difficult for the District to respond.

The Court should disregard any new facts introduced by Plaintiffs', any arguments outside the scope of the Motion to Dismiss, and any arguments on the merits. Rather, the Court should focus on Plaintiffs' arguments that directly respond to the Motion to Dismiss. The Motion to Dismiss contained three essential arguments: (1) Plaintiffs lack capacity because no guardian *ad litem* has been appointed; (2) Plaintiffs fail to state a claim for a constitutional violation; and (3) the

---

District interprets to be a Memorandum of Points and Authorities in support of the Opposition to the Motion to Dismiss.

Court lacks subject matter jurisdiction because Plaintiffs failed to exhaust their administrative remedies. The District directs its Reply to the portions of Plaintiffs' Opposition which are responsive to the Motion to Dismiss. All other facts and arguments contained in Plaintiffs' Opposition are irrelevant and should be disregarding by the Court.

Additionally, if matters outside of the pleadings are considered by the Court, the Court may treat the motion as one for summary judgment under Federal Rule of Civil Procedure ("F.R.C.P.") 56. However, in such case, the parties must be given reasonable opportunity to present all the material that is pertinent to the motion. F.R.C.P. Rule 12(d). While the District does not want the Plaintiffs' Opposition to be treated as a motion for summary judgment, if the Court decides to interpret it as such, the District respectfully requests that notice be given and the opportunity to meaningfully respond to Plaintiffs' so-called motion.

### A. Plaintiffs' Argument that a Guardian *Ad Litem* is Not Required is Misplaced

Plaintiffs' assert that the requirement of a guardian *ad litem* is at the discretion of the Court. (Opposition 6:6-8). To support this contention, Plaintiffs rely on a case interpreting the Individuals with Disabilities Education Act ("IDEA"), which Plaintiffs' allege states that parents may bring lawsuits on their own or their childrens' behalf. Opposition p. 6:9-14 citing *Winkelman v. Parma City School District*, 127 S.Ct. 1994 (2007). However, the *Winkelman* court did not definitively decide the issue. (*Id*. at 2004). Even if it did, this authority is inapplicable to the instant action. Plaintiffs did not allege in the Complaint that Student is eligible for services under IDEA.[2]

---

[2] According to the Complaint, Student is eligible for Section 504 services. Complaint p. 8:11.

If Student is eligible under IDEA, then Plaintiffs failed to allege that they exhausted their administrative remedies required under IDEA and this is just another reason why the Motion to Dismiss should be granted. The IDEA requires that an administrative review process be pursued before seeking judicial review. 20 U.S.C. § 1415(l). If a plaintiff fails to exhaust administrative remedies, the federal court is without jurisdiction to hear the plaintiff's claim. *Witte v. Clark County Sch. Dist.*, 197 F.3d 1271 (9th Cir.1999). Exhaustion of the administrative process allows for "full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency." *Hoeft v. Tucson Unified Sch. Dist.*, 968 F.2d 1298, 1303 (9th Cir. 1992). To achieve administrative exhaustion in the special education context, a party must raise and litigate before the administrative law judge all matters allegedly giving rise to a denial of a free and appropriate education. Here, there has been no administrative review process of any IDEA claims that plaintiffs may have.

B. **Plaintiffs' Opposition Does Not Demonstrate that the District has Committed a Constitutional Violation**

In the Motion to Dismiss, the District asserts that Plaintiffs failed to state a claim because the mere inconvenience of geographic location of school is not grounds for a constitutional violation. *Helena F. v. Contra Costa Unified School District*, 49 Cal.App.4th 1793, 1800 (1996). Motion to Dismiss p. 9:12-10:7. In response, Plaintiffs rely on the 14th Amendment of the United States Constitution to contend that Plaintiffs have stated a claim for a constitutional violation. Plaintiffs cite to title 20 of the United States Code ("U.S.C.") § 1701 for the proposition that "the neighborhood is the appropriate basis for determining public school assignments." Opposition p. 7:12-13. Plaintiffs further assert that the District violated the legislative intent of 20 U.S.C. § 1701 by 'refusing to fund the education of middle school students.' Opposition p. 8:13-15.

However, Plaintiffs fail to include the final sentence of 20 U.S.C. § 1701 in the Opposition, which provides, "[i]n order to carry out this policy, it is the purpose of this subchapter, to specify appropriate remedies for the orderly removal of the vestiges of the dual school system." 20 USC § 1701. The legislative intent behind 20 U.S.C. § 1701 is that neighborhoods should be considered for public school assignment, rather than race, color, sex, or national origin. *Martin Luther King Jr. Elementary School Children v. Ann Arbor School District Board*, 473 F.Supp. 1371, 1381 (1979). The purpose of the statute is to eradicate the race based segregated dual system of education. *Id*.

The case at bar does not concern a race based segregated dual system of education. All students in the Lakeside Joint School District are being treated equally. The District does not provide sixth, seventh, or eighth grade for any students and gives all students the equal opportunity to attend middle school in the Campbell Union School District. Complaint p. 3:6-8. Thus, Plaintiffs reliance on 20 U.S.C. § 1701 is unavailing.

## C. The Court Does Not Have Subject Matter Jurisdiction Because Plaintiffs have Not Exhausted Their Administrative Remedies

To support the claim that Plaintiffs have exhausted their administrative remedies, Plaintiffs go through their history of trying to change the placement of Student. Opposition p. 11:19-14:15. However, exhaustion of administrative remedies only requires that Plaintiffs satisfy the prerequisites to filing a complaint in federal court. In this case, the administrative remedy which must be exhausted is the District's Uniform Complaint Procedure.

In the Opposition, Plaintiffs' only cite one sentence of the Uniform Complaint Procedure. Opposition p. 13:18-20. However, the whole provision pertaining to discrimination complaints states:

> A complainant may pursue available civil law remedies outside of the District's complaint procedures. Complaints may seek assistance from mediation centers or public/private interest attorneys. Civil law

remedies that may be imposed by a court include, but are not limited to, injunctions and restraining orders. For discrimination complaints, however, a complainant must wait until 60 days have elapsed from filing an appeal with the California Department of Education [CDE] Before (sic) pursuing civil law remedies. The moratorium does not apply to injunctive relief and is applicable only if the District has appropriately, and in a timely manner, apprised the complainant of his/her right to file a complaint in accordance with 5 CCR 4622.

The foregoing provision assumes that complaints of discrimination will follow the District's Uniform Complaint Procedure, including any appeals to the CDE, before they are permitted to pursue civil remedies in court. While the 60 day moratorium does not apply to injunctive relief, it still assumes that parties seeking injunctive relief would have followed the Uniform Complaint Procedure. Moreover, Plaintiffs in the instant action are seeking declaratory relief, in addition to injunctive relief, so the moratorium still applies.

Additionally, and as noted above, if Plaintiffs are claiming that the District has violated IDEA, there are separate and additional administrative procedures that Plaintiffs must exhaust before brining a claim in federal court.

### D. **Plaintiffs' Argument in Support of Jurisdiction Does Not Support Subject Matter Jurisdiction**

Plaintiffs' include a statement of jurisdiction in the Opposition. Opposition p. 14:19-15:21. It is not clear whether this statement is in response to the District's position that the Court lacks subject matter jurisdiction over Plaintiffs' Complaint. Plaintiffs state for the first time in the Opposition that in addition to § 1983, they are bringing their action under 28 U.S.C. §§ 2201 and 2202. Opposition p. 14-21-22. As stated above, new facts and new arguments are not proper in an opposition to a motion to dismiss. *See, Pickern v. Pier 1 Imports (U.S.), Inc., supra,* at 968-969. F.R.C.P. 8(a)(2) requires that the allegations in the complaint "give the defendant fair notice of what the plaintiff's claim is ad the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002). Here, no adequate notice

of jurisdiction under 28 U.S.C. sections 2201 and 2202 was given to the District and thus, the Court should disregard this jurisdictional statement.

## II.

## MANY OF PLAINTIFFS' ARGUMENTS IN THE OPPOSITION ARE IMPROPER AND SHOULD BE DISREGARDED BY THE COURT

### A. The Court Should Disregard Plaintiffs' "Motion for Summary Judgment"

In Plaintiffs' Opposition, the pleading is captioned as, "Opposition to Motion to Dismiss and Motion for Summary Judgment." The text of the Opposition includes one paragraph, which identifies the legal standard for a motion for summary judgment and the final sentence asks the Court to grant Plaintiffs' Motion for Summary Judgment. However, the Memorandum of Points and Authorities does not reference summary judgment or make any supporting arguments, and no hearing has been set for a motion for summary judgment.[3] Without waiving the opportunity to make a response if a hearing date is set, the District is not asserting any formal response to a "motion for summary judgment" at this time and requests that the Court disregard this "motion" until it is properly brought by Plaintiffs in a separate pleading.

////
////
////

---

[3] If the opposition raises an issue that was not included in the moving papers and not foreseen by the moving party, a court may permit the moving party to present new evidence or argument in a reply. *See, e.g. Litton Industries Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 767 F.Supp. 1220, 1235 (S.D.N.Y. 1991). In this case, the Plaintiffs raised a Motion for Summary Judgment in the Opposition and in response, the District introduces the fact that no hearing has been set for a motion for summary judgment.

### B. The Court Should Disregard Plaintiffs' Argument in Support of a Preliminary Injunction

As previously noted, a F.R.C.P. 12(b)(1) and (12)(b)(6) motion to dismiss is for the Court to determine whether the court has jurisdiction over the matter or whether the complaint is so deficient that it fails to state a claim. The Court is not making a determination on the merits of the case. However, in the Opposition, Plaintiffs set forth a six page argument in support of why a preliminary injunction should be granted. Opposition p. 15:23-21:24. While the District strongly opposes Plaintiffs' argument in support of a preliminary injunction, a reply to a motion to dismiss is not the appropriate forum to engage in legal arguments over the merits of the case. Without waiving any objections to Plaintiffs' argument, the District refrains from responding to Plaintiffs' argument in support of preliminary injunction in this brief and respectfully requests that the Court disregard pages 15:23 through 21:24 in Plaintiffs' Opposition.

### C. The Court Should Disregard Plaintiffs' Argument in Support of Standing

Plaintiffs try to establish standing by asserting their status as taxpayers. Opposition p. 5:9-14. However, this argument is misplaced because the District did not challenge standing in its Motion to Dismiss and Plaintiffs' are bringing in new, irrelevant facts. Plaintiffs' Complaint is not framed as a taxpayer suit and Plaintiffs are not complaining about any expenditures. Rather, Plaintiffs' Complaint alleges constitutional violations. As such, Plaintiffs' argument regarding standing should be disregarded by the Court.

### D. Plaintiffs Argument Regarding Undue Burden Should be Disregarded by the Court

Plaintiffs' reassert in their Opposition that transporting Student is an undue burden and try to distinguish *Helena F.* from the instant case. Opposition p. 9:5-10:24. *Helena F.* is the case that held that "[t]he obligation to provide a free education does not encompass a duty to provide schools that are geographically

convenient to the parent." *Helena F. v. West Contra Costa Unified School District,* 29 Cal.App.4th 1793, 1800 (1996). The critical holding in *Helena F.* is that the students who were not given the opportunity to attend a geographically convenient school "were not denied a right to receive a government benefit, no due process right is implicated." *Id. citing Skelly v. State Personnel Bd.,* 15 Cal.3d 194, 207 (1975). Similarly, Student in the case at bar has not been denied any government benefit of an education.

Plaintiffs also cite to 20 U.S.C. § 1714 in the undue burden argument, although, they do not allege that the District violated the statute. Nevertheless, 20 U.S.C. § 1714 does not apply to the instant situation because, like 20 U.S.C. § 1701 discussed above, 20 U.S.C. § 1714 applies to school desegregation plans. Desegregation is not issue in the instant case and thus, this argument should be disregarded by the Court.

E.  **Plaintiffs Argument that the District is in Violation of Education Code § 48200 should be Disregarded by the Court**

Plaintiffs introduce yet another argument on the merits in the Opposition. This time, Plaintiffs' argue that the District is in violation of Education Code § 48200. Opposition p. 11: 4-7. Specifically, Plaintiffs cite to Education Code § 48200 in an attempt to show that Student should be educated in the district of the Guardians residence. Education Code § 48200 is simply the compulsory education statute, which requires that all students attend school. Not only is Plaintiffs' argument irrelevant to the instant case, it is not responsive to the Motion to Dismiss. The District respectfully requests that Court disregard Plaintiffs' argument.

## III.

## CONCLUSION

The Court lacks jurisdiction over this case because Plaintiffs' lack capacity, failed to exhaust administrative remedies, and cannot state a claim for a Constitutional violation. The District respectfully requests that the Court grant the

1  District's Motion to Dismiss. Additionally, Plaintiffs' Motion for Summary
2  Judgment is unsupported by any argument and has not been set for hearing.
3  Therefore, the District respectfully requests that this Court deny Plaintiffs' Motion
4  for Summary Judgment.

DATED: May 19, 2008    FAGEN FRIEDMAN & FULFROST, LLP

By: _____
Mark S. Williams
Gretchen M. Shipley
Attorneys for
Defendant Lakeside Joint School District

00305.00103/77263.1

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Alameda, State of California. My business address is 70 Washington Street, Suite 205, Oakland, California 94607.

On May 20, 2008, I served the following document(s) described as **DEFENDANT LAKESIDE JOINT SCHOOL DISTRICT'S REPLY TO OPPOSITION TO MOTION TO DISMISS** on the interested parties in this action as follows:

**Phillipe and Elise Stassart**
**21951 Bear Creek Way**
**Los Gatos, CA 95033**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Fagen Friedman & Fulfrost's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 20, 2008, at Oakland, California.

_____
Kathaleene A. Jenkins

00305.00103/78140.1