```
 1  ELISE STASSART, PRO SE
 2  21951 BEAR CREEK WAY                      FILED
 3  LOS GATOS, CA 95033                   2008 MAY 20  A 10:12
 4
 5  IN THE UNITED STATES DISTRICT COURT    RICHARD W. WIEKING
                                                  CLERK
 6  FOR THE NORTHERN DISTRICT OF CA       U.S. DISTRICT COURT
                                          NO. DIST. OF CA. S.J.
 7
 8  ISAIAH [A MINOR CHILD], BY           ) Case No.: C08 01511 (PVT)
 9  PHILIPPE & ELISE STASSART, LEGAL GUARDIANS) MOTION TO RE-ASSIGN CASE TO DISTRICT JUDGE
10  ET AL                                ) AND SHORTEN TIME
11  21951 BEAR CREEK WAY                 ) Date:  June 3, 2008
12  LOS GATOS, CA 95033                  ) Time:  10:00 am
13  PLANTIFFS                            ) Place: 5, 4th Floor
14  Vs.                                  ) Magistrate Judge: Patricia V. Trumbell
15  LAKESIDE JOINT SCHOOL DISTRICT       )
16  19621 BLACK ROAD                     )
17  LOS GATOS, CA 95033                  )
18  DEFENDANT
19  _____
20  The Plaintiffs, Philippe and Elise Stassart, along with their minor child,
21  Isaiah, hereby submit this MOTION TO RE-ASSIGN CASE TO DISTRICT JUDGE AND
22  SHORTEN TIME.
23
24  Plaintiffs request that the case be re-assigned to a district judge and a new
25  hearing date set.
26
27  Plaintiffs duly filed a CONSENT TO PROCEED before the magistrate judge.
28  However, DEFENDANT has failed to file either a consent to proceed or a
```

PLAINTIFF'S MOTION TO RE-ASSIGN CASE TO DISTRICT JUDGE AND SHORTEN TIME    - 1

1  declination. Judge Trumbell issued an order with a deadline for Defendant to
2  file the proper forms, along with instructions for defendant on how to obtain
3  the proper forms. Additionally, defendant was provided with the proper
4  forms, along with summons and complaint. Judge Trumbell set a deadline of
5  May 9, 2008 for defendant to file their consent or declination. Deadline has
6  come and gone.

8  *Roell, Garibay, Ragan v. Withrow, US Supreme Court* established that silence
9  does not indicate consent to proceed before a magistrate judge. Therefore,
10 this case must be re-assigned to a district judge and hearing time re-set.

12 Plaintiffs move to shorten time for this case to be heard. We are
13 approaching the end of the school year. Plaintiffs' child has been denied a
14 "free and appropriate public education" and has received no educational
15 benefit this year.

17 Pursuant to CFR 300.510, Lakeside Joint School District "must convene a meeting with
18 the parent and the relevant member or members of the IEP team who have specific
19 knowledge of the facts identified in the due process complaint" within 15 days of
20 receiving notice of parent's due process complaint. Lakeside Joint School District
21 received formal complaints on or about March 11 and May 8, 2008. No meetings were set.

23 Lakeside Joint School District has no interest in providing Plaintiffs with relief as
24 this would involve the district funding the education of their child. Lakeside Joint
25 School District, in violation of state and federal laws, has opted to transport all
26 middle school students to an outlying school district in order to avoid paying for
27 their education. While it is true, Isaiah is not being treated any differently than
28 any other Lakeside student, the effect on Isaiah constitutes a denial of FAPE.

1  Isaiah's IQ has dropped eleven points in one year at Rolling Hills Middle School. If
2  he remains at Rolling Hills and his IQ continues to drop, by the time he graduates
3  from Rolling Hills, he will have gone from a child with above-average intelligence
4  down into the range of mentally retarded. The Plaintiffs believe that the added
5  stress and anxiety brought on by attending a school out of his neighborhood, along
6  with the lack of support to the 504 Plan, has impaired Isaiah's ability to comprehend
7  and process information. Plaintiffs note that his scores should have gone up or at
8  least remained the same, but Isaiah's scores have gone down, in some areas
9  dramatically.

11 Plaintiffs refuse to re-enroll their child in Rolling Hills Middle School.
12 However, because all the school districts in their neighborhood are Basic Aid
13 and their district of residence refuses to pay for the education of all
14 sixth, seventh, and eighth grade students, there is no public school in their
15 neighborhood that will allow them to enroll their child.

17 The Santa Clara County Office of Education has refused to intervene as they
18 say they have no jurisdiction to require Lakeside Joint School District to
19 provide Isaiah with a FAPE.

21 The California Department of Education has stated that they would prefer the
22 issue be handled on the local level, leaving the plaintiffs no option but
23 this Court.

25 Plaintiffs' child has been denied a FAPE and will be denied a FAPE if this
26 case is not heard and resolved before the end of summer.

PLAINTIFF'S MOTION TO RE-ASSIGN CASE TO DISTRICT JUDGE AND SHORTEN TIME    - 3

THEREFORE, plaintiffs request the Court grant their motion to re-assign this case to a district judge and set a hearing on defendant's MOTION TO DISMISS and plaintiff's MOTION FOR SUMMARY JUDGMENT in the most expedient time possible.

Dated this 5/20/2008

*Elise Stassart*
ELISE STASSART, PRO SE
21951 BEAR CREEK WAY
LOS GATOS, CA 95033