1  ELISE STASSART, PRO SE
2  21951 BEAR CREEK WAY
3  LOS GATOS, CA 95033
4
5  IN THE UNITED STATES DISTRICT COURT
6  FOR THE NORTHERN DISTRICT OF CA
7
8  ISAIAH [A MINOR CHILD], BY              ) Case No.: C08 01511 (JF)
9  PHILIPPE & ELISE STASSART, LEGAL GUARDIANS)
10 ET AL                                   ) PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
11 21951 BEAR CREEK WAY                    ) DEFENDANT'S RE-NOTICE OF MOTION TO DISMISS
12 LOS GATOS, CA 95033                     ) Date:  August 15, 2008
13 PLANTIFFS                               ) Time:  9:00 am
14 Vs.                                     ) Place: 3, 5th Floor
15 LAKESIDE JOINT SCHOOL DISTRICT          ) District Judge Jeremy Fogel
16 19621 BLACK ROAD                        )
17 LOS GATOS, CA 95033                     )
18 DEFENDANT
19 _____

20 The Plaintiffs, Philippe and Elise Stassart, along with their minor child, Isaiah, hereby submit
21 this "Memorandum in Opposition to Defendant's Re-Notice of Motion to Dismiss."  The
22 Defendant, Lakeside Joint School District has moved to dismiss this matter pursuant to Cal. Civ.
23 Proc. 373(a) and Fed. R. Civ. P. 23(b)(1) on the grounds that a) Plaintiffs are required to have a
24 guardian ad litem appointed on behalf of their minor child and b) Plaintiffs have failed to exhaust
25 administrative remedies and c) Plaintiffs have failed to state a claim for which relief can be
26 granted because they do not allege any violation of a civil right.
27
28

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 1

Defendant's claims are without merit.

## I. SUPREME COURT HAS RULED THE GUARDIAN AD LITEM REQUIREMENT CAN NOT BE USED IN CASES WHERE A CHILD IS SPECIAL NEEDS

***In*** *Winkelman v. Parma City School District, U.S. Supreme Court (No. 05-983) Special Education,* the U.S. Supreme Court established that parents may bring suits on their own or their children's behalf without the assistance of counsel.  The Court ruled that multiple provisions of IDEA indicate that parents are the co-owners of their child's right to an appropriate education. *1412(a)(10)(C)(ii); §1415(i)(3)(B)(i)(I)* These provisions clearly endow the parents with substantive rights, for which the parents may seek redress in the courts.

Furthermore, the Court held that it would be inconsistent to interpret the statute as providing parents the right to pursue administrative remedies but not court remedies. The Court cited as examples section 1415(b)(8) (requiring a state educational agency to develop a model form to assist parents in filing a complaint); §1415(c)(2) (addressing the response an agency must provide to a parent's due process complaint notice); and §1415(i)(3)(B)(i);(referring to the parent's complaint).

Additionally, the Court noted that IDEA defines one of its purposes as seeking "to ensure that the rights of children with disabilities and parents of such children are protected." *§1400(d)(1)(B)*

The Court also rejected the argument of certain circuit courts that parents may have standing to litigate only particular claims, such as procedural violations or reimbursement requests. The Court reasoned that the statute keeps parent in a central role, requiring schools to include parents

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 2

in the substantive creation of the IEP and permitting parents to bring any due process claim related to the education of their child. The Court stated that "[w]ithout question a parent of a child with a disability has a particular and personal interest in fulfilling our national policy of ensuring equality of opportunity, full participation, independent living, and economic self-sufficiency for individuals with disabilities."

The Court concluded that the provisions of IDEA, through both text and structure, create in parents an "independent stake not only in the procedures and costs implicated by this process but also in the substantive decisions to be made."

   II.    THERE IS NO REQUIREMENT TO EXHAUST ADMINISTRATIVE REMEDIES WHEN
          PLAINTIFF IS SEEKING INJUNCTIVE RELIEF

Sharon Felix-Rochon, the Director of Education, for the California Department of Education has informed Plaintiffs that there is no requirement for plaintiffs to exhaust administrative remedies when plaintiff is seeking injunctive relief. Plaintiff in the matter before this Court is seeking injunctive relief to ensure a FAPE for the Student and all middle school students in the district.

Plaintiffs are asking the Court to enjoin Lakeside Joint School District to pay for their child's education at the closest public school to their residence, which is not unreasonable and does not come under the heading of "monetary damages". Plaintiffs note that school districts all across the United States pay for the education of their students within their own neighborhoods and do not consider the payment of local instructional services as "monetary damages". Plaintiffs have established in their complaint that as taxpayers they provide the money to the school district to be used for the education of their child, as well as other children residing within the district.

Defendant has acknowledged in their response plaintiffs' standing as taxpayers within the school district. Plaintiffs are asking that the Court require the school district to use the funds received for the purpose intended. *Kadrmas v. Dickinson Public School Dist. 487 U.S. 450, 108 S. Ct. 2481, 101 L. Ed.2d 399 (1988).*

III.   PLAINTIFFS HAVE ALLEGED SEVERAL VIOLATIONS OF CIVIL RIGHTS

Plaintiffs have alleged the following violations of civil rights:

1) Denial of equal access and opportunity to an appropriate education – violation under the Fourteenth Amendment, violation of 20 USC 1701

2) Failure to fund an appropriate education – violation under the Fourteenth Amendment

3) Transportation of students outside of their neighborhoods to avoid funding the education of students – constituting denial of a FAPE, violation of 20 USC 1701

4) Failure to support Plaintiff's Student's 504 Plan

5) Failure to implement an IEP for Plaintiff Student

6) Failure to provide Plaintiff Student with an appropriate education under IDEA and Section 504

7) Failure to follow proper procedures under IDEA and Section 504

8) Purposeful Infliction of Emotional Duress on Plaintiff Student by Defendant's Actions – Violation under Section 36.206

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 4

9) Retaliation under Section 36.206

As this case drags on, Defendant continue to mount up violations to plaintiffs' civil rights.

Wherefore, Plaintiffs ask this Court to Deny Defendant's Motion to Dismiss and grant Plaintiff's Motion for Summary Judgment.

Dated this June 10, 2008

```
ELISE STASSART, PRO SE
21951 BEAR CREEK WAY
LOS GATOS, CA 95033
```