Mark S. Williams, SBN 127357
mwilliams@fagenfriedman.com
Gretchen M. Shipley, SBN 208768
gshipley@fagenfriedman.com
FAGEN FRIEDMAN & FULFROST, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Phone: 510-550-8200
Fax: 510-550-8211

Attorneys for
Defendant Lakeside Joint School District

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ISAIAH JOSEPH WINTERS (A MINOR CHILD), BY PHILIPPE & ELISE STASSART, LEGAL GUARDIANS, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> LAKESIDE JOINT SCHOOL DISTRICT, <br><br> Defendant. | CASE NO. C08 01511 JF <br><br> **DEFENDANT'S OBJECTION TO ADDENDUM TO OPPOSITION AND REPLY TO DEFENDANTS REPLY TO OPPOSITION TO MOTION TO DISMISS** <br><br> Date: August 15, 2008 <br> Time: 9:00 a.m. <br> Crtrm.: 3, 5th Floor <br> Judge: Honorable Jeremy Fogel |

Defendant Lakeside Joint School District ("District") hereby objects to the untimely Addendum to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Addendum to Opposition") and Plaintiffs' Reply to Defendant's Reply to Opposition to Motion to Dismiss ("Reply to Reply") filed by Philippe and Elise Stassart ("Guardians"), along with their minor child ("Student") (collectively "Plaintiffs"), together with the documentary exhibits in support of both pleadings. Based on the objections contained herein, the District respectfully requests that the Court disregard the Addendum to Opposition, Reply to Reply, and supporting exhibits and decide this matter solely with respect to the evidence presented in Plaintiffs' original Complaint. However, should the Court consider the

"merits" of the additional evidence, the District requests leave to present its sur-reply which is contained on pages 4 through 8 herein.

## OBJECTION TO ADDENDUM TO OPPOSITION, REPLY TO REPLY, AND SUPPORTING EXHIBITS

The District objects to the Addendum to Opposition, Reply to Reply, and the attached exhibits as being untimely filed in connection with Plaintiffs' Opposition. The District also objects on the grounds that the Addendum to Opposition, Reply to Reply, and exhibits improperly introduce new facts and arguments.

The only circumstances in which a party may bring supplementary material to the court's attention after a reply brief is filed is when a relevant judicial opinion is published after the date of reply and even then, the party may not submit any argument. (Local Rule 7-3(d).) **"Otherwise, once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval."** (*Id.*, emphasis added.) "Parties are required to raise all of their arguments in their opening brief to prevent 'sandbagging' of other non-moving party and to provide opposing counsel the chance to respond." *Hamilton*, 2007 WL 2558615 at p. 11, citing, *Corson and Gruman Co. v. N.L.R.B.*, 899 F.2d 47, 50 (D.C.Cir. 1990); See also, *Arpin v. Santa Clara Valley Transportation Agency* (9th Cir. 2001) 261 F3d 912, 925. Courts also cannot consider new facts alleged in an opposition and such allegations are deemed irrelevant. *See, Schneider v. California Dept. of Corrections* (9th Cir. 1998) 151 F3d 1994, 1197. An opposition must be limited to a response to the moving papers and should not include new evidence or argument that was not previously contained in the moving papers. *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-969 (9th Cir. 2006).

Here, Plaintiffs blatantly violated Local Court rule 7-3 by filing an Addendum to Opposition and Reply to Reply after the District's Reply, without leave of Court. Moreover, Plaintiffs improperly seek to introduce new facts and arguments outside of the Complaint. For these reasons, the District objects to the Addendum to

2                                           C08 01511 PVT
DEFENDANT'S OBJECTION TO ADDENDUM TO OPPOSITION AND REPLY TO DEFENDANTS REPLY TO OPPOSITION TO MOTION TO DISMISS

Opposition, Reply to Reply, and supporting exhibits and requests that the Court disregard these documents. However, should the Court consider the new evidence presented by Plaintiffs in their Addendum, Reply, and exhibits, the District requests that the Court consider its sur-reply which is contained on the following pages.

DATED: June ___, 2008          FAGEN FRIEDMAN & FULFROST, LLP


By: /s/ Mark Williams
    Mark Williams
    Gretchen M. Shipley
    Attorneys for
    Defendant Lakeside Joint School District

## ADDITIONAL POINTS AND AUTHORITIES AS SUR-REPLY TO PLAINTIFFS' ADDENDUM TO OPPOSITION AND REPLY TO DISTRICT'S REPLY

### 1. Plaintiffs' Addendum to Opposition, Reply to Reply are Untimely

Plaintiffs' Addendum to Opposition and Reply to the District's Reply are transparent attempts to respond to the District's Reply, which is forbidden under local rules. The only circumstances in which a party may bring supplementary material to the court's attention after a reply brief is filed is when a relevant judicial opinion is published after the date of reply and even then, the party may not submit any argument. "Otherwise, once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." (Local Rule 7-3(d).) Here, the Reply was filed on May 20, 2008 and Plaintiffs' Addendum was filed on May 20, 2008. The Reply to Reply was filed on May 29, 2008. Plaintiffs did not obtain leave of Court to file the Addendum to Opposition or the Reply to Reply. Plaintiffs' Addendum and Reply to Reply do not reference any newly published judicial opinions. Accordingly, the Court should disregard Plaintiffs' Addendum to Opposition, Reply to Reply, and supporting exhibits, as untimely.

### 2. Addendum to Opposition and Reply to Reply Improperly Include New Facts

Pages 5 through 19 of the Addendum to Opposition contain a lengthy and detailed statement of new facts that are not contained in Plaintiffs' Complaint and outside the scope of the Motion to Dismiss. For example, page 17 of the Addendum to Opposition contains a "Test Score Comparison Form", which is new information introduced by Plaintiffs. Similarly, the Reply to Reply is rampant with new factual information. Plaintiffs also attach 49 pages of exhibits to the Addendum to Opposition and 14 pages of exhibits to the Reply to Reply. These exhibits also include new facts and are outside the scope of the Motion to Dismiss. The Addendum and supporting exhibits lack foundation, are not properly authenticated,

and include hearsay testimony. As such, the Court should disregard Plaintiffs' Addendum, Reply to Reply, and supporting exhibits.

### A. New Facts Lack Foundation and Include Hearsay

The Addendum to Opposition and Reply to Reply are chalked full of hearsay statements allegedly denying services to Student. For example, Plaintiffs cite to alleged statements by District administrators regarding Student's 504 plan and Plaintiffs request for a transfer of Student. (Addendum to Opposition, p. 5:16-23; 5(sic):4-11; 5(sic):25-6:7; 6:15-17.) Hearsay is defined by the Federal Rules of Evidence as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED.R.EVID. Rule 801(c); *see also, Harcourt Brace Jovanovich Legal & Professional Publications v. Multistate Legal Studies*, 26 F.3d 948 (9th Cir. 1994). Further, in order to admit hearsay, an exception must apply. FED.R.EVID. Rule 802.

Here, Plaintiffs offer statements of multiple third parties in order to prove the contention that the District violated Student's 504 plan and Plaintiffs' Constitutional rights. These are clearly statements of another, offered for the truth, and is therefore inadmissible hearsay. Moreover, Plaintiffs have not and cannot establish that a hearsay exception in this case.

Additionally, "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record . . . evidentiary matters must be appropriately authenticated." (Local Rule 7-5(a).) Plaintiffs have not submitted any declarations to support their factual contentions in the Addendum or Reply. As such, the newly alleged facts in the Addendum to Opposition and Reply to Reply lack any evidentiary support.

### B. New Facts in Exhibits Are Not Properly Authenticated and Contain Hearsay

Plaintiffs attach 49 pages of documents as exhibits to the Addendum to

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

Opposition and 14 pages as exhibits to the Reply to Reply. However, Plaintiffs fail to properly authenticate these documents. According to the Federal Rules of Evidence, authentication requires "evidence sufficient to support a finding that the matter in question is what its proponent claims." FED.R.EVID. Rule 901(a). A document may be authenticated by the testimony of a witness with knowledge. FED.R.EVID. Rule 901(b); *see U.S. v. Workinger*, 90 F.3d 1409 (9th Cir. 1996) [transcript of tape recording was properly authenticated where government produced testimony of person who made the recording and attorney who conducted the taped interview]. Courts have interpreted this rule to require testimony from a witness who "wrote it, signed it, used it, or saw others do so." *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 774 n.8 (9th Cir. 2002), *citing* 31 Wright & Gold, *Federal Practice & Procedure: Evidence* § 7106, 43 (2000). In the instant matter, Plaintiffs fail to properly authenticate any of the exhibits using the testimony of a witness with knowledge under Rule 901. Plaintiffs did not submit any declarations by the purported authors of the exhibits.

Additionally, Plaintiffs exhibits attempt to offer alleged evidence of denial of Plaintiffs' Constitutional rights. This is improper hearsay for which Plaintiff cannot cite an exception. As previously noted, hearsay is defined by the Federal Rules of Evidence as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED.R.EVID. Rule 801(c); *see also, Harcourt Brace Jovanovich Legal & Professional Publications, supra*. Further, in order to admit hearsay an exception must apply. FED.R.EVID. Rule 802.

For example, Plaintiff submitted exhibits to the Reply to Reply, which include assessment reports of Student. (Exhibit BB to Reply to Reply.) One assessment and report was conducted and prepared by Randy Cohen and Judy Meyer. (Exhibit BB to Reply to Reply, p. 1-6.) A second document is a report of a psychological assessment conducted by school psychologist, Leon Davis. (Exhibit BB to Reply to

Reply, p. 7-12.) Plaintiffs cite to these reports to support the contention that "Lakeside staff was aware that Isaiah suffered from a severe emotional disorder that affected his ability to access an education." (Reply to Reply, p. 7:11-12.) The testimony of Cohen, Meyer, and Davis are being offered by Plaintiffs to prove the truth of the matter asserted and is therefore, hearsay. Moreover, Plaintiffs have not and cannot establish that a hearsay exception applies in this matter.

### 3. Addendum and Reply Improperly Contain New Arguments

Pages 18 through 23 of the Addendum to Opposition include new legal arguments and the entire Reply to Reply consists of new legal arguments. These arguments are being raised for the first time and are outside the scope of the Complaint and the Motion to Dismiss. There is no opportunity for the District to respond to these arguments.

"Parties are required to raise all of their arguments in their opening brief to prevent 'sandbagging' of other non-moving party and to provide opposing counsel the chance to respond." *Hamilton,* 2007 WL 2558615 at p. 11, *citing, Corson and Gruman Co. v. N.L.R.B.,* 899 F.2d 47, 50 (D.C.Cir. 1990); *see also, Arpin v. Santa Clara Valley Transportation Agency* (9th Cir. 2001) 261 F3d 912, 925. Courts also cannot consider new facts alleged in an opposition and such allegations are deemed irrelevant. *See, Schneider v. California Dept. of Corrections* (9th Cir. 1998) 151 F3d 1994, 1197. Typically, an opposition must be limited to a response to the moving papers and should not include new evidence or argument that was not previously contained in the moving papers. *Pickern v. Pier 1 Imports (U.S.), Inc.,* 457 F.3d 963, 968-969 (9th Cir. 2006).

Accordingly, the Court should disregard any and all new arguments raised in Plaintiffs Addendum to Opposition and Reply to Reply.

### CONCLUSION

Based on the foregoing authority, the District respectfully requests that the Court disregard Plaintiffs' Addendum to Opposition, Reply to District's Reply, and

supporting exhibits.

DATED: June 18, 2008

FAGEN FRIEDMAN & FULFROST, LLP

By: /s/ Mark S. Williams
Mark S. Williams
Gretchen M. Shipley
Attorneys for
Defendant Lakeside Joint School District

00305.00103/79337.1

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211