Philippe and Elise Stassart
Isaiah W. S.
21951 Bear Creek Way
Los Gatos, CA 95033

Pro Se Plaintiffs


Mark S. Williams, SBN 127357
mwilliams@fagenfriedman.com
Gretchen M. Shipley, SBN 208768
gshipley@fagenfriedman.com
FAGEN FRIEDMAN & FULFROST, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Phone: 510-550-8200
Fax: 510-550-8211

Attorneys for
Defendant Lakeside Joint School District

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ISAIAH JOSEPH WINTERS (A MINOR CHILD), BY PHILIPPE & ELISE STASSART, LEGAL GUARDIANS, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>LAKESIDE JOINT SCHOOL DISTRICT,<br><br>Defendant. | CASE NO. C08 01511 JF<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:        July 11, 2008<br>Time:        10:30 a.m.<br>Courtroom:   3, 5th Floor<br>Judge:       Hon. Jeremy Fogel |

## 1. JURISDICTION AND SERVICE

Philippe and Elise Stassart ("Guardians"), along with minor child ("Student") (collectively "Plaintiffs") claim that the Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and 1343 and this action is commenced pursuant to 2201 and 2202 and 42 U.S.C. section 1983. Defendant Lakeside Joint School District ("District") has been served and responded to the Complaint in this matter. The

District responded in the form of a Federal Rule of Civil Procedure 12(b)1 and 12(b)6 Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted.

## 2. FACTS

Plaintiffs allege that the District violated their civil rights and denied Student access to an appropriate free public education by not providing sixth through eighth grade within Student's home high school district, which is Los Gatos-Saratoga Union High School District. The District offers kindergarten through fifth grade. The District contracts with a non-adjacent district, Campbell Union School District, for students to attend sixth through eighth grade at Rolling Hills Middle School. Student will be in seventh grade in Fall 2008, having completed sixth grade at Rolling Hills Middle School. Plaintiffs contend that the District has the available options of educating middle school students within their district or at two other neighborhood middle schools.

The District contends that Plaintiffs lack capacity to bring the instant action because Guardian(s) have not been appointed as guardian *ad litem* and Student is not represented by counsel. The District also contends that Plaintiffs failed to state a claim for which relief can be granted. Additionally, the District contends that Plaintiffs failed to exhaust their administrative remedies before bringing the instant action because they did not comply with the District's Uniform Complaint Procedure.

Plaintiffs contend that no guardian ad litem is necessary because Student qualifies under the IDEA and Section 504. Plaintiffs had access to a neighborhood middle school for their older two children and that middle school is still available so relief can be granted. Plaintiffs further contend that State and county agencies have advised Plaintiffs that the requirement to exhaust administrative remedies is not applicable in civil rights cases. The Plaintiffs contend that the District had multiple opportunities to remedy the situation and failed to do so.

3. **LEGAL ISSUES**

In Plaintiffs' various pleadings, they make allegations including, but not limited to, (1) the District has violated Plaintiffs' civil rights by entering into a contract outside of their home high school district in order to avoid funding the education of the children within their district; (2) the District is violating Plaintiffs' right to an equal opportunity to an education; and (3) the District violated equal protection under the law based on financing the fundamental right to an education.

The District contends that the Court lacks jurisdiction over the instant matter because Plaintiffs have not appointed a guardian *ad litem* for Student and have failed to exhaust their administrative remedies. The District also contends that Plaintiffs have failed to state a claim for which relief can be granted. Additionally, the District asserts that many of Plaintiffs allegations were brought to the Courts attention improperly and untimely. As such, the District asked the Court to dismiss Plaintiffs' action in its entirety.

**Plaintiffs contend that no guardian ad litem is necessary because Student qualifies under the IDEA and Section 504. Plaintiffs had access to a neighborhood middle school for their older two children and that middle school is still available so relief can be granted. Plaintiffs further contend that State and county agencies have advised Plaintiffs that the requirement to exhaust administrative remedies is not applicable in civil rights cases. The Plaintiffs contend that the District had multiple opportunities to remedy the situation and failed to do so.**

4. **MOTIONS**

On April 24, 2008, Defendants filed a Motion to Dismiss Plaintiffs' Complaint in its entirety. On May 29, 2008, Plaintiffs' filed a Motion for Summary Judgment. Both Motions are scheduled to be heard on August 15, 2008. These dispositive Motions may resolve all the issues in this case, other than attorneys'

fees, which shall be dealt with in additional Motions, depending on the outcome of the decision of the Court.

## 5. AMENDMENT OF PLEADINGS

At this time, the parties do not anticipate amending their pleadings.

## 6. EVIDENCE PRESERVATION

Counsel for the District has directed its client to preserve any and all documents or evidence, including information stored in a recorded or electronic form, which relate to Plaintiffs during the time period at issue in this lawsuit.

## 7. DISCLOSURES

The parties completed initial disclosures in this matter on July 1, 2008.

## 8. DISCOVERY

The parties do not anticipate the need to exchange discovery, except a request by Plaintiffs' that the District provide information pertaining to all middle school students living within the District boundaries. Plaintiffs contend that the majority of District's middle school students do not attend Rolling Hills Middle School. Plaintiffs would like to know what options are being selected by this student population. Plaintiffs would like a tally of how many students are attending Rolling Hills, how many students have moved out of the district in order to acquire an education, how many students are being home schooled, how many students are attending private school, and any remaining number and what option they selected. Plaintiff does not require the District to reveal the identities or any personal information on this student population. The District will produce such information to the extent that it is not prohibited by law.

## 9. CLASS ACTIONS

At present, this matter is not proceeding as a class action.

## 10. RELATED CASES

There are no active related cases.

## 11. RELIEF

Plaintiffs seek a temporary and permanent injunction enjoining the District from failing or refusing to fund the education of Student and to allow him to attend middle school within his home high school district. Plaintiffs further seek a judicial declaration that the District is required to provide a free and public education for all their students, including sixth, seventh and eighth graders within the Los Gatos-Saratoga Union High School District.

The District seeks a decision from the Court dismissing this case in its entirety and denial of Plaintiffs' Motion for Summary Judgment. The District also seeks sanctions against Plaintiffs for repeated frivolous motions and failure to follow court procedures.

Plaintiff seeks sanctions against the District for retaliatory actions.

## 12. SETTLEMENT AND ADR

The parties are willing to engage in mediation. The parties agree that the mediation process should be commenced after the pending motions have been resolved.

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to the reassignment of this case to a magistrate judge for all purposes.

## 14. OTHER REFERENCES

The parties do not believe that this matter is appropriate for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. NARROWING OF ISSUES

The parties will consider stipulating to certain facts prior to any briefing on the issues. The District believes that most, if not all of the material facts are undisputed.

## 16. EXPEDITED SCHEDULE

Plaintiffs believe that this case warrants an expedited schedule.

1  **17. SCHEDULING**

2  The parties propose the following dates for this matter:

| Action | Proposed Completion |
|---|---|
| Motion to Dismiss Filed | April 24, 2008 |
| Opposition to Motion to Dismiss Filed | April 28, 2008 |
| Reply to Motion to Dismiss Filed | May 20, 2008 |
| Motion for Summary Judgment filed | May 29, 2008 |
| Response to Motion for Summary Judgment filed | June 19, 2008 |
| Hearing on Motion to Dismiss | August 15, 2008 |
| Hearing on Motions for Summary Judgment | August 15, 2008 |
| Motion for Attorneys' Fees (if required) | 30 days after Court's order on Motion for Summary Judgment |
| Opposition to Motion for Attorneys' Fees | 60 days after Court's order on Motion for Summary Judgment |
| Discovery Cut-Off | October 15, 2008 |
| Pre-Trial Conference | November 15, 2008 |
| Trial | January 15, 2009 |

In filing this Joint Statement, the Parties seek an Order, pursuant to Local Rule 54-6, extending the time to file Motions for Attorney's Fees.

**18. TRIAL**

The parties request a bench trial and estimate that it will last two (2) days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Local Rule 3-16, Plaintiffs certify that as of this date, other than the named parties, there is no such interested party to report.

/ / /

/ / /

1  As a public agency, the Defendant in this action is not required to file the
2  "Certification of Interested Entities or Person" called for in Civil Local Rule 3-16.

DATED: July 1, 2008        Respectfully submitted,

By: *Elise Stassart* (Digitally signed by Elise Stassart, DN: cn=Elise Stassart, o, ou, email=elise_moss@yahoo.com, c=US, Date: 2008.07.01 11:06:41 -07'00')
Phillipe and Elise Stassart
Isaiah W.S.
Pro Se Plaintiffs

DATED: July 1, 2008        Respectfully submitted,

FAGEN FRIEDMAN & FULFROST, LLP

By: /s/ Mark Williams
Mark S. Williams
Gretchen M. Shipley
Attorneys for Defendant
Lakeside Joint School District

1  I, Mark Williams, am the ECF User whose ID and password are being used to
2  file this JOINT CASE MANAGEMENT STATEMENT. In compliance with
3  General Order 45, X.B., I hereby attest that *Elise Stossart* has concurred in this
4  filing.
5  DATED: July 1, 2008                    Respectfully submitted,

   FAGEN FRIEDMAN & FULFROST, LLP

   By: /s/ Mark Williams
   Mark S. Williams
   Gretchen M. Shipley
   Attorneys for
   Defendant Lakeside Joint School District

00305.00103/85302.1 00305.00103/84985.2