Philippe and Elise Stassart
Isaiah W. S.
21951 Bear Creek Way
Los Gatos, CA 95033

Pro Se Plaintiffs

Mark S. Williams, SBN 127357
mwilliams@fagenfriedman.com
Gretchen M. Shipley, SBN 208768
gshipley@fagenfriedman.com
FAGEN FRIEDMAN & FULFROST, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Phone: 510-550-8200
Fax: 510-550-8211

Attorneys for
Defendant Lakeside Joint School District

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

ISAIAH JOSEPH WINTERS (A MINOR CHILD), BY PHILIPPE & ELISE STASSART, LEGAL GUARDIANS, ET AL.,

Plaintiffs,

vs.

LAKESIDE JOINT SCHOOL DISTRICT,

Defendant.

CASE NO. C08 01511 JF

**JOINT RULE 26(f) REPORT**

Date: July 11, 2008
Time: 10:30 a.m.
Courtroom.: 3, 5th Floor
Judge: Hon. Jeremy Fogel

Philippe and Elise Stassart ("Guardians"), along with minor child ("Student") (collectively "Plaintiffs") and defendant Lakeside Joint School District ("District") (collectively the "Parties") hereby submit their joint report for the above-captioned matter, in accordance with Federal Rules of Civil Procedure ("FED. R. CIV. P.") Rule 26(f) and the Court's March 19, 2008 Order Setting Initial case Management Conference and ADR Deadlines.

## I. CLAIMS AND AFFIRMATIVE DEFENSES

In Plaintiffs' various pleadings, they make allegations including, but not limited to, (1) the District has violated Plaintiffs' civil rights by entering into a contract outside of their home high school district in order to avoid funding the education of the children within their district; (2) the District is violating Plaintiffs' right to an equal opportunity to an education; and (3) the District violated equal protection under the law based on financing the fundamental right to an education.

The District contends that the Court lacks jurisdiction over the instant matter because Plaintiffs have not appointed a guardian *ad litem* for Student and have failed to exhaust their administrative remedies. The District also contends that Plaintiffs have failed to state a claim for which relief can be granted. Additionally, the District asserts that many of Plaintiffs allegations were brought to the Courts attention improperly and untimely. As such, the District asked the Court to dismiss Plaintiffs' action in its entirety.

Plaintiffs contend that they have responded to the District, providing documentation to support their claims. Plaintiffs contend that State and County agencies have advised Plaintiffs that they are not required to exhaust administrative remedies in a civil rights dispute. Plaintiffs further contend that they have established a prima facie civil rights case and therefore District's request for dismissal should be denied.

## II. KEY LEGAL ISSUES

The key legal issue in this case is whether the District's provision of middle school at a school located in a non-adjacent district is a violation of Student's constitutional rights.

## III. MOTIONS

The District does not plan to add any additional parties or claims to this case. The District does not plan to file amended pleadings nor transfer venue.

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

## IV. INITIAL DISCLOSURES AND DISCOVERY

Pursuant to FED. R. CIV. P. Rule 26(a)(1), the Parties will make initial disclosures no later than 14 days after the Rule 26(f) conference, i.e., by no later than July 1, 2008.

## V. MOTION FOR SUMMARY JUDGMENT

Plaintiffs' filed a Motion for Summary Judgment on May 29, 2008. The District may file a cross-motion for summary judgment pursuant to FED. R. CIV. P. Rule 56, or a motion for judgment on the pleadings pursuant to FED. R. CIV. P. Rule 12(c).

## VI. SETTLEMENT DISCUSSIONS

The Parties initiated settlement discussions, but do not anticipate further settlement discussions will be fruitful.

Pursuant to Local Rule 16-15.4, the Parties agree to participate in mediation.

## VII. ESTIMATED TIME FOR TRIAL

The Parties estimate a 2-day bench trial.

## VIII. PROPOSED DATES

The Parties proposed the following dates:

| Action: | | Date: |
|---|---|---|
| (a) | Discovery cut-off: | October 15, 2008 |
| (b) | Motion cut-off: | November 1, 2008 |
| (c) | Final Pre-Trial Conference: | November 15, 2008 |
| (d) | Jury Trial: | December 15, 2008 |

DATED: July 1, 2008

Respectfully submitted,

By: Elise Stassart

Digitally signed by Elise Stassart
DN: cn=Elise Stassart, o, ou, email=elise_moss@yahoo.com, c=US
Date: 2008.07.01 11:36:31 -07'00'

Phillipe and Elise Stassart
Isaiah W.S.
Pro Se Plaintiffs

DATED: July 1, 2008

Respectfully submitted,

FAGEN FRIEDMAN & FULFROST, LLP

By: [signature]

Mark S. Williams
Gretchen M. Shipley
Attorneys for Defendant
Lakeside Joint School District

00305.00103/85304.1

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211