Mark S. Williams, SBN 127357
mwilliams@fagenfriedman.com
Gretchen M. Shipley, SBN 208768
gshipley@fagenfriedman.com
FAGEN FRIEDMAN & FULFROST, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Phone: 510-550-8200
Fax: 510-550-8211

Attorneys for Defendant
Lakeside Joint School District

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ISAIAH JOSEPH WINTERS (A MINOR CHILD), BY PHILIPPE & ELISE STASSART, LEGAL GUARDIANS, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> LAKESIDE JOINT SCHOOL DISTRICT, <br><br> Defendant. | CASE NO. C08 01511 JF <br><br> **REQUEST FOR JUDICIAL NOTICE; DECLARATION OF GRETCHEN M. SHIPLEY IN SUPPORT THEREOF** <br><br> Date: August 15, 2008 <br> Time: 9:00 a.m. <br> Dept.: 3, 5th Floor <br> Judge: Honorable Jeremy Fogel |

TO PLAINTIFFS ISAIAH JOSEPH WINTERS (A MINOR CHILD), BY PHILIPPE & ELISE STASSART, LEGAL GUARDIANS ("Plaintiffs"):

Pursuant to Section 201 of the Federal Rules of Evidence, Defendant LAKESIDE JOINT SCHOOL DISTRICT ("District"), hereby requests that the Court take judicial notice of the following document in support of its Reply to Plaintiffs' Opposition to Motion to Dismiss:

1.  Letter dated June 25, 2008 from the California Department of

Education ("CDE") to Elise Stassart[1], a copy of which is attached hereto as Exhibit "A".

The District was copied on a letter from the CDE to Plaintiff Elise Stassart in response to a complaint she filed with the CDE regarding the District. According to the CDE letter, Ms. Stassart attached a pleading from the instant matter in support of her CDE complaint. Specifically, the June 25, 2008 letter states that Plaintiff attached to the CDE Complaint, the Memorandum of Points and Authorities Supporting Plaintiff's Motion for Preliminary and Permanent Injunction ("Memorandum").[2]

In the June 25, 2008 letter, the CDE contends that Plaintiffs misrepresented the status of an alleged CDE investigation and requests that her pleading be revised to include accurate information. The CDE disputes the following contention set forth in Plaintiffs' Memorandum:

> "The California Department of Education is performing an investigation to determine if Lakeside Joint School District's refusal to fund the education of all their students constitutes a misappropriation of funds. The investigation may take as long as a year."

To the contrary, the CDE asserts that no investigation has been opened by the CDE and Plaintiffs' have failed to follow correct procedural steps to initiate such an investigation, namely, first filing a uniform complaint with the District and exhausting that administrative remedy.

To date, the District is not aware of any request by Plaintiffs to amend their

---

[1] Page two of this letter is misdated May 5, 2008.

[2] The District interprets this pleading to be a Memorandum of Points and Authorities in support of Plaintiffs' Opposition to the District's Motion to Dismiss, despite its title.

Memorandum to reflect accurate information about the status of any CDE investigation. Accordingly, the District respectfully requests that the Court take judicial notice of the June 25, 2008 letter from the CDE and the fact that as of today's date, no investigation is pending by the CDE in response to a complaint from Plaintiffs regarding the District's alleged misuse of funds.

DATED: July 22, 2008        Respectfully submitted,

FAGEN FRIEDMAN & FULFROST, LLP

By: _____
Mark S. Williams
Gretchen M. Shipley
Attorneys for Defendant
Lakeside Joint School District

# DECLARATION OF GRETCHEN M. SHIPLEY

I, Gretchen M. Shipley, hereby declare:

1. I am an attorney, duly licensed to practice before the courts of the State of California and the United States District Court for the Northern District of California. I am an associate with the law firm of Fagen Friedman & Fulfrost which represents Defendant Lakeside Joint School District ("District") in this matter.

2. I have personal knowledge of the facts contained herein and, if called upon to do so, could completely and competently testify thereto. I make this declaration in support of the District's Reply to Opposition to Motion to Dismiss.

3. Attached hereto as Exhibit "A" is a copy of a June 25, 2008 letter from the California Department of Education ("CDE") to Plaintiff Elise Stassart. Plaintiffs did not file a copy of this document with the Court.

4. The CDE mailed a copy of the letter to the District.

I declare, under the penalty of perjury, pursuant to the laws of the State of California, that the foregoing is true and correct.

Executed this 22nd day of July, 2008 at San Marcos, California.

_____
Gretchen M. Shipley

00305.00103/86834.1

# EXHIBIT A



CALIFORNIA
DEPARTMENT OF
EDUCATION

**JACK O'CONNELL**
STATE SUPERINTENDENT OF PUBLIC INSTRUCTION

June 25, 2008

Elise Stassart, Complainant
21951 Bear Creek Way
Los Gatos, CA 95033

Dear Ms. Stassart:

Thank you for your letter dated April 29, 2008, regarding Lakeside Joint School District (District) and the Santa Clara County Office of Education, which included the *Memorandum of Points and Authorities Supporting Plaintiff's Motion for Preliminary and Permanent Injunction (Memorandum)* and *Exhibits A through V*, filed on April 28, 2008. The MOPA outlines your complaint regarding the District's interdistrict transfer process for grades six through eight, and states, "This lawsuit arises out of the refusal of the Lakeside Joint School District to allocate funds for the education of their sixth through eighth grade students."

In addition, the Memorandum contends the following:

1) The "defendant's refusal to allocate funding for a free and public education is a violation under the fourteenth amendment."

2) The "defendant's refusal to allocate funding for a free and public education violates legislative intent."

3) "Transporting students outside of the home high school district to avoid paying for their education places and undue burden on district residents."

4) The "defendant violates legislative intent regarding residency requirements pursuant to California Education Code 48200."

5) "Plaintiffs have in fact exhausted administrative remedies."

6) "The plaintiff can prove a prima facie civil rights claim."

7) The "plaintiff will suffer irreparable injury unless injunction issues."

8) "The threatened injury to the plaintiff outweighs any harm to the defendants."

9) "An injunction serves the public interests."

The California Department of Education (CDE) does not have jurisdiction, at this time, in the issues you describe. As stated in our letter dated April 25, 2008, the *California Code of Regulations*, Title 5, Section 4610, authorizes CDE, through the Uniform Complaint Procedures (UCP), to process only complaints regarding categorical programs that are mandated by certain federal and state statutes and regulations or allegations of discrimination. Local education agencies have authority over general education processes such as district reorganization and

Elise Stassart, Complainant
May 5, 2008
Page 2

interdistrict transfers; although certain local district reorganization decisions may be appealed to the California State Board of Education.

CPCM staff consulted the CDE staff member whom you mentioned in your cover letter. The consultant stated that he provided information only and that he did not open a formal investigation regarding your allegations. In addition the CPCM office has not opened a formal investigation of your allegations. However, in your Memorandum you state, "The California Department of Education is performing an investigation to determine if Lakeside Joint School District's refusal to fund the education of all their students constitutes a misappropriation of funds. This investigation may take as long as a year." In our April 25, 2008, letter we stated that it was unclear whether a complaint regarding the use of Title I Funding was first filed by you, at the District level. We then outlined the appropriate process for filing such a complaint. At this time, we have not yet received the documentation needed in order to open a formal appeal regarding the matters you describe. Please ensure that your Memorandum dated April 28, 2008, is revised to accurately reflect this information.

Your April 29, 2008, letter states, "I do not have anything in writing from either the Lakeside Joint School District or the Santa Clara County Office of Education regarding my complaint. I have made numerous complaints to both offices in writing, in person, and by email, but I have basically been ignored." Your letter, however, does not indicate that you have filed a Uniform Complaint regarding the use of Title I funding or the misappropriation of funds at the District level. As previously stated, if you do file a formal complaint under UCP, and the District fails to respond within 60 days of your letter, or if you believe that the District decision is incorrect as a matter of fact or law, you may wish to appeal to the CDE within 15 days after the District letter was due or upon receipt of the decision of the District. Please include the following in your appeal packet: the reason for the appeal to CDE and why the District findings are incorrect and /or the law is misapplied, a copy of the original complaint to the District, and a copy of the District decision.

If you have further questions about the complaint process or this letter, please contact Shanine Abercrombie, Assistant Consultant, Categorical Programs Complaints Management Unit, at 916-319-0929.

Sincerely,

*Kathleen Seabourne*

Kathleen Seabourne, Manager
Categorical Programs Complaints Management Unit

KS:sa

cc:   Tanesha Hembrey, United States Department of Education
      Bob Chrisman, Superintendent, Lakeside Joint Union School District

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 1 Civic Center Drive, Suite 300, San Marcos, California 92069.

On July 22, 2008, I served the following document(s) described as **REQUEST FOR JUDICIAL NOTICE; DECLARATION OF GRETCHEN M. SHIPLEY IN SUPPORT THEREOF** on the interested parties in this action as follows:

**Philippe and Elise Stassart
21951 Bear Creek Way
Los Gatos, CA 95033**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Fagen Friedman & Fulfrost's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 22, 2008, at San Marcos, California.

_____
Doris Moreno

00305.00103/88217.1