1  ELISE STASSART
   21951 BEAR CREEK WAY
2  LOS GATOS, CA 95033

3

   UNITED STATES COURT
4  NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

5

6  ISAIAH W.S. ( A MINOR CHILD) BY                ) Case No.: C08 01511 JF
                                                  )
7  PHILIPPE & ELISE STASSART, LEGAL               )
                                                  ) OBJECTION TO JUDICIAL NOTICE
8  GUARDIANS, ET AL.                              )
                                                  ) Date:   August 15, 2008
9           Plaintiff,                            ) Time:   9:00 AM
                                                  ) Dept:   3, 5th Floor
10     vs.                                        ) Judge Jeremy Fogel
                                                  )
11 LAKESIDE JOINT SCHOOL DISTRICT

12           Defendant

13

14 _____

15 Plaintiff comes before the Court to object to Defendant District's Request for

16 Judicial Notice.

17

18 *Section 201 (b) Kinds of facts. A judicially noticed fact must be one not subject to*

19 *reasonable dispute in that it is either (1) generally known within the territorial*

20 *jurisdiction of the trial court or (2) capable of accurate and ready determination by*

21 *resort to sources whose accuracy cannot reasonably be questioned.*

22

23 Judicial notice may be based on "sources whose accuracy cannot reasonably be

24 questioned," such as the Farmer's Almanac. Judicial notice can also be based on local

25 general knowledge. A lawyer trying a case in New York may ask the judge to take

26 judicial notice that the East River is located between Manhattan and Brooklyn, or that

27 the Empire State Building is the tallest building in the city. In such a case, no

28 extrinsic evidence would be necessary. However, if the New York lawyer wanted the

   judge to take judicial notice that the river is forty-five feet deep, or that

OBJECTION TO JUDICIAL NOTICE- 1

Minneapolis is located west of St. Paul, the lawyer would probably need extrinsic evidence.

Since receipt of the June 25th CDE letter Defendant District attached as Exhibit A, Elise Stassart has had a telephone conversation with a CDE staff member referred by Kathleen Seabourne and the investigation is on-going.  Additionally, correspondence continues between Elise Stassart and various staff members within the CDE dealing with complaints on misappropriation of funds, failure to adhere to Child Find, failure to adhere to NCLB, and a reorganization of district boundaries in order to ensure district residents FAPE.

Elise Stassart has attempted to keep the Court informed as correspondence with CDE has been exchanged.  As was reported in the Memorandum, the complaints are under review and no definitive ruling has been made at this time.  Plaintiffs have found that the CDE is quite bureaucratic in nature.  There are different departments and different staff members who are responsible for the investigation of different types of complaints.  Per Elise Stassart's conversation last week with the CDE staffer, there is no "one stop shopping" at the CDE.  Plaintiffs have filed complaints with the wrong department, resulting in their denial as in the June 25 letter, and then, as the result of further persistence, are referred to the correct department, or at least a different department.  Plaintiffs have the patience and the endurance to continue filing complaints until they are fully investigated and ruled on.  Plaintiffs were not satisfied with the CDE's letter of June 25 and responded accordingly.  As a result, the investigation into the complaint is, in fact, on-going.

In order for the Court to make a ruling in favor of the Defendant District, the facts can not be in dispute and reasonably determined.  At this time, the Plaintiffs have no idea how CDE will rule on each of the complaints.  Plaintiffs have no idea how the OAH will rule.  Plaintiffs have no idea if the State Superintendent will provide a mediation hearing for determining educational placement of their child as has been requested.  The only thing Plaintiffs are sure of is that their district of residence has denied their child a FAPE and continues to deny him a FAPE.

Plaintiffs intend to continue filing complaints with the CDE until their child has a FAPE.  If the Defendant District is unhappy having to address the complaints, they can resolve the problem by providing district residents with a FAPE.  A FAPE would require an educational placement within the home high school district.  At the July 21, 2008 hearing before the SCCOE Committee on District Reorganization, Bob Chrisman, Lakeside's Superintendent, stated that district residents unhappy with the educational program at Rolling Hills Middle School are free to withdraw their children from the public education system as this is the only public education Lakeside would provide for middle school children.  This constitutes a policy of denial of FAPE to all district residents.

Rule 201(d) does not mean that all requests for judicial notice will be granted. Any judicial notice must be of a fact that falls under Rule 201(b). The Court may (and legally, should) refuse to take judicial notice of any fact that is not generally known or readily verifiable.

Therefore, Plaintiffs ask the Court to refuse to take judicial notice.  We believe that the request is premature at best.

Dated this July, 22, 2008

_____
ELISE STASSART, PRO SE

OBJECTION TO JUDICIAL NOTICE- 3