Elise Stassart
21951 Bear Creek Way
Los Gatos, CA 95033

EXHIBIT FA

Kathleen Seabourne, Manager
California Department of Education
1430 N Street
Sacramento, CA 95814-5901

July 14, 2008

Dear Ms. Seabourne,

Per your request, I filed a complaint with my LEA, Lakeside Joint Elementary School District, under the UCP for misappropriation of Title I funds. As you are aware, LJESD receives Title I funds for grades K-8, but refuses to fund the education of all 6-8 grade students.

I am enclosing the response from Mr. Chrisman, Superintendent, LJESD. He does not deny the misappropriation of funds. Further, he refuses to cease the misappropriation of funds.

Mr. Chrisman has been aware of the misappropriation of funds, but has failed to act and, it appears, have every intention of continuing with the unlawful acts unless CDE intercedes.

My child was denied FAPE in sixth grade. I filed a complaint with LJESD under the UCP and LJESD has failed to act on the complaint. Without intercession by a third party (CDE/OAH), my child will not receive an education again until he reaches high school.

I have filed for a due process hearing with the OAH. I hope that this issue will be resolved before the start of the school year, but LJESD is doing everything in their power to delay the due process hearing and prevent my child from receiving an education.

I am enclosing Mr. Chrisman's response to my complaint under the UCP for Rolling Hills Middle School's failure to put an IEP in place at the end of the 2007-2008 school year. Mr. Chrisman acknowledges that LJESD has intentionally denied my child a FAPE by refusing to put an IEP in place and refuses to rectify the situation.

While I appreciate the need to provide LJESD with every opportunity to comply with state and federal laws, I do not believe the intention of the UCP is to provide a shield for a rogue school district. The UCP was put in place to provide a method of resolving complaints so parents would not be forced to go to court or the OAH. The legislative intent was that if an avenue was provided to resolve such complaints school districts, and by extension the state, would not have to pay out monetary damages unnecessarily.

Elise Stassart
21951 Bear Creek Way
Los Gatos, CA 95033

In this case, we have a school district that is intentionally and flagrantly violating state and federal laws. LJESD is using the bureaucracy to protect itself and to prevent students from gaining access to an education.

The IDEA's exhaustion requirement does not apply "in situations in which exhaustion would be futile because administrative procedures do not provide adequate remedies." *Heldman v. Sobol*, 962 F.3d 148, 158 (2d Cir. 1992); see also H.R. Rep. No. 99-296, at 7 (1985); *Mrs. W. v. Tirozzi*, 832 F.2d 748, 756 (2d Cir. 1987). "It is important to note that there are certain situations in which it is not appropriate to require the exhaustion of [IDEA] administrative remedies before filing a civil law suit. These include complaints that . . . an agency has failed to provide services specified in the child's individualized educational program." 131 Cong. Rec. § 10396-01 (1985); see also H.R. Rep. 99-296, at 7 (1985) (exhaustion not required where "it would be futile to use the due process procedures (e.g., an agency has failed to provide services specified in the child's individualized educational program . . . ").

As I have demonstrated, complaints filed with LJESD are futile because the LEA has a set policy to deny all middle school students FAPE. LJESD is quite content to continue collecting property taxes, federal and state funding without providing the required services. This enriches Bob Chrisman personally as he collects a salary not only as principal for the Lakeside Elementary School, but also as superintendent.

I am more than happy to continue filing complaints against my LEA, but I do not anticipate LJESD's compliance without action from the CDE.

If my child is not provided with an appropriate educational placement by the end of August, I will have no choice but to file in Superior Court for monetary damages against the LEA to provide for his education.

Regards,

*Elise Stassart*

Elise Stassart


CC:   Sharon Felix-Rochon, CDE
       Mark Williams, LJESD attorney

EXHIBIT FB



**Lakeside Joint School District**

19621 Black Road  Los Gatos, CA  95033    Tel:  (408) 354-2372
Fax:  (408) 354-8819

July 3, 2008

**VIA U.S. MAIL**

Elise Stassart
21951 Bear Creek Way
Los Gatos, CA  95033

Re:    July 1, 2008 Uniform Complaint

Dear Ms. Stassart:

This letter is in response to your July 1, 2008 uniform complaint filed against Lakeside
Joint Union School District ("District").  In your complaint, you allege that the District,
"Failure (ed)  to put an IEP in place prior to the start of the school year."

Pursuant to Board Policy 1314.3:

> "[a]n investigation of alleged unlawful discrimination shall be initiated by
> filing a complaint with the Superintendent/Principal not later than six (6)
> months from the date the alleged discrimination occurred or the date the
> complainant first obtained knowledge of facts of the alleged discrimination."

We understand that your son has been attending Rolling Hills Middle School since the
beginning of the 2007-2008 school year.  Thus, it is the District's position that you first had
knowledge of the alleged discrimination prior to six months before July 1, 2008.
Accordingly, the District finds your uniform complaint to be time-barred.  If you have any
information to the contrary, please forward it to our attention and we will reconsider your
complaint.

Sincerely,

Bob Chrisman
Superintendent/Principal
00305.00103/85470.1

EXHIBIT FC



**Lakeside Joint School District**

19621 Black Road  Los Gatos, CA  95033    Tel:   (408) 354-2372
Fax:   (408) 354-8819

July 2, 2008

**VIA U.S. MAIL**

Elise Stassart
21951 Bear Creek Way
Los Gatos, CA  95033

Re:    June 30, 2008 Uniform Complaint

Dear Ms. Stassart:

This letter is in response to your June 30, 2008 uniform complaint filed against Lakeside Joint Union School District ("District").  In your complaint, you allege that the District refused, "to use the Title I funds received, as well as other funding received, for the education of middle school residents."

Pursuant to Board Policy 1314.3:

> "[a]n investigation of alleged unlawful discrimination shall be initiated by filing a complaint with the Superintendent/Principal not later than six (6) months from the date the alleged discrimination occurred or the date the complainant first obtained knowledge of facts of the alleged discrimination."

We understand that your son has been attending Rolling Hills Middle School since the beginning of the 2007-2008 school year.  Thus, it is the District's position that you first had knowledge of the alleged discrimination prior to six months before June 30, 2008, or prior to December 30, 2007.  Accordingly, the District finds your uniform complaint to be time-barred.  If you have any information to the contrary, please forward it to our attention and we will reconsider your complaint.

Your June 30, 2008 letter also references your May 7, 2008 complaint.  In your letter, you characterize your May 7, 2008 complaint as a "uniform complaint" and state that the

District has until July 7, 2008 to respond. However, your May 7, 2008 letter states, "[p]
lease consider this a formal complaint under 34 C.F.R. 300.151-300.152." No where in
your complaint does it state that it is a uniform complaint and we have not treated it as such.

We understand that complaints filed under 34 C.F.R. 300.151-300.152 are compliance
complaints filed with and investigated by the California Department of Education ("CDE"),
which you copied on your letter. Typically, the CDE requests a response from the District
and to date, we have not received any such request.

If, in fact, you intended your May 7, 2008 letter to be a Uniform Complaint under the
District's Uniform Complaint Procedure, please confirm with the District, so the District
can proceed accordingly.

Sincerely,

Bob Chrisman
Superintendent/Principal
00305.00103/85470.1



**CALIFORNIA
DEPARTMENT OF
EDUCATION**

**JACK O'CONNELL**
STATE SUPERINTENDENT OF PUBLIC INSTRUCTION

EXHIBIT FC

July 09, 2008

Ms. Elise Stassart
21951 Bear Creek Way
Los Gatos, California 95033

Dear Ms. Stassart:

Your recent letter of July 03, 2008, addressed to Ms. Kathleen Seabourne, Manager of the California Department of Education, Categorical Programs Unit was referred to the Special Education Division's Procedural Safeguards Referral Service (PSRS) on July 09, 2008. Your correspondence has been carefully reviewed and the following information is provided for your assistance.

In your correspondence, you allege that your son's 504 plan was not implemented. We do not investigate matters pertaining to Section 504 of the Rehabilitation Act, however, you also mention possible alleged violation of special education law and further state that a due process hearing is in being held by the Office of Administrative Hearings (OAH). The Special Education Division investigates alleged violations of special education laws and regulations including individuals with disabilities act (IDEA) and state law. Once the due process is completed and you wish to request an investigation of specific allegations, relating to special education, you may complete the enclosed complaint form, sign it, and mail it to:

Procedural Safeguards Referral Service
Special Education Division
California Department of Education
1430 N Street, Suite 2401
Sacramento, CA 95814-5901

In order for PSRS to assist you most efficiently, please note your PSRS contact number 73281 on all correspondence pertaining to this matter.

It is our hope that this information is helpful. If you have additional questions about special education procedural safeguards, please call PSRS at (800) 926-0648, Monday through Friday, 9:00 a.m. to 4:00 p.m.

Elise Stassart
July 09, 2008
Page 2

Sincerely,

*Martha Fanning*

Martha Fanning, Special Education Consultant
Procedural Safeguards Referral Service
Special Education Division

PSRS # 73281
Enclosure

Elise Stassart
21951 Bear Creek Way
Los Gatos, CA 95033
(408) 655-4710

EXHIBIT FD

July 18, 2008


Jack O'Connell
State Superintendent of Public Instruction
California Department of Education
1430 N Street
Sacramento, CA 95814


Dear Mr. O'Connell,

I am writing to you to request a prehearing mediation regarding the educational placement for my son, Isaiah Stassart, dob 5/11/1996.

As you are aware, California boasts a drop-out rate of almost 20% for students. My child, who would be entering the 7th grade this fall, will become one of those statistics for the 2008-2009 school year if the State fails to intercede on his behalf.

I wrote to you in 2003 complaining about the Memorandum of Understanding between my district of residence, Lakeside Joint Elementary School District, and Campbell Union School District. LJESD refuses to fund the education of all middle school students, opting to outsource their education to a school district thirty miles away. Since LJESD is Basic Aid and CUSD is revenue-limited, both school districts profit from this arrangement. Your response was that you did not have the jurisdiction to intervene.

My child is a victim of this parsimonious arrangement. We were awarded custody of Isaiah from the foster care system three years ago. Isaiah has been diagnosed with RAD, PTSD, and Clinical Depression. Therefore, he qualifies as a "special needs" student under the IDEA. However, our district of residence has refused to put an IEP in place for our child. Since our district of residence refused to put an IEP in place, CUSD has also refused to put an IEP in place.

Our district of residence agreed to put a 504 Plan in place, but the 504 Plan failed to address the educational supports my child needs in order to be successful in school.

As a result, my child's emotional health deteriorated to the point that he either requires psychiatric medication or placement in a residential facility. Rather than institutionalize our child, we have opted to remove him from the educational placement provided by our district of residence.

1

Elise Stassart
21951 Bear Creek Way
Los Gatos, CA 95033
(408) 655-4710

The closest middle school to our residence is Fisher Middle School. However, that school is in the Los Gatos Union School District. LGUSD refuses to enroll any child who is not a district resident.

So, even though we live in one of the wealthiest counties in the state, we have no public middle school to enroll our child. Our district of residence refuses to pay for so much as a pencil for any middle school student. The placement provided by our district of residence is two school districts away (a violation of 20 USC 1701), does not have the personnel or training to support our child's 504 Plan, and refuses to provide an IEP.

We have filed complaints with the Santa Clara County Office of Education, but Joe Fimiani tells me that the SCCOE does not have jurisdiction to help us. Kathleen Seabourne says that since our child has a 504 Plan, but no IEP (even though he qualifies for an IEP) means she can't help me. Sharon Felix-Rochon also says that her office is unable to assist us.

We have filed for a due process hearing with the OAH for a private education at public expense. Since we can't enroll him in a middle school in our neighborhood, we will have to get a private tutor for him in our home. Every time we file for a hearing, our district of residence responds that our complaint is "insufficient". I am not sure how much more sufficient our complaint can be. We have an assessment report performed by the Children's Health Council in Palo Alto that shows our child's IQ fell eleven points in one year at Rolling Hills Middle School, our district's placement; a letter from our child's psychologist stating that the placement at RHMS is detrimental to his emotional health, grades that have gone from B's and C's down to D's and F's; and correspondence with CUSD stating that they are unable to support our child's educational needs. CUSD was one of the defendant districts in the Williams lawsuit.

I have filed for a petition for territory transfer to get my home and 290 other parcels into the LGUSD as my neighbors are similarly concerned about how their children will get an adequate education with no local middle school, but I expect the SCCOE to deny the petition at the final hearing set on July 21, 2008. So, I will have to appeal to Larry Shirey to see if we can have our district reorganized so that we can have a local middle school where our children can get an education.

In the meantime, my child has no appropriate placement for this fall. If no placement is arranged, my child will become a middle school drop-out. So, if you were wondering why and how this happens, it happens because school districts are less concerned about providing a public education to residents and more concerned about balancing their budgets.

2

Elise Stassart
21951 Bear Creek Way
Los Gatos, CA 95033
(408) 655-4710


According to the PARENTAL AND ADULT STUDENTS' RIGHTS AND
PROCEDURAL SAFEGUARDS FOR SPECIAL EDUCATION handout, I can make a
request for a prehearing mediation to your office.  Therefore, since none of the local and
state agencies have been able to help us thus far, I am making a request for a prehearing
mediation for the purposes of determining the best method of providing my child with a
public education.

Any assistance you can provide would be greatly appreciated,



Regards,

Elise Stassart

Elise Stassart


CC:    Bob Chrisman, LJESD, 19621 Black Road, Los Gatos, CA 95033

3