July 1, 2008

**EXHIBIT FE**

Bob Chrisman
Lakeside Joint Elementary School District
19621 Black Road
Los Gatos, CA 95033

RE:    FAILURE TO PUT AN IEP IN PLACE PRIOR TO THE START OF THE
SCHOOL YEAR

Dear Mr. Chrisman,

Please consider this a formal complaint under Title 5, Section 4610 under the Uniform
Complaint Procedure.

| | |
|---|---|
| Student's Name: | Isaiah Stassart |
| Address: | 21951 Bear Creek Way Los Gatos, CA 95033 |
| Last School of Attendance: | Rolling Hills Middle School, CUSD |
| Grade: | Entering 7th grade, Fall 2008 |
| Primary Language: | English |

On May 17, 2007, I wrote you, Randy Cohen, and Judy Meyer a letter requesting that an
IEP be put in place for Isaiah as he qualified under the IDEA as a child with special
needs.  The IEP team at Lakeside advised that Isaiah did not require an IEP, even though
the IDEA mandates an IEP be put in place for all special needs students.  We were told
that Rolling Hills Middle School would be able to support Isaiah's special needs and
enable him to access an education.

This was proven to be completely false.  Rolling Hills staff was woefully unprepared and
unable to provide Isaiah with the support he needs in order to access an education and
receive educational benefit.  Additionally, the staff at Rolling Hills refused to follow
federal guidelines with regards to implementation and support of Isaiah's 504 Plan.  They
failed to put an IEP in place during the school year.   The school psychologist did not
perform a single classroom observation the entire year and failed to meet with Isaiah even
once.

"At the beginning of each school year, each local educational agency, State educational
agency, or other State agency, as the case may be, shall have in effect, for each child with
a disability in its jurisdiction, an individualized education program, as defined in
paragraph (1)(A)." *20 USC 1414*

No IEP is in place at this time and the SELPA representative for CUSD has informed me
that the earliest CUSD will be able to put an IEP in place is January 2009.  She has stated
they would not perform any assessments until November 2008 and that presumes Isaiah

would be attending Rolling Hills Middle School.  Since we will not be submitting Isaiah to any further trauma at Rolling Hills Middle School, we reject his placement there.   You were advised that Isaiah can not be placed at RHMS in a letter on May 7, 2008.  Further, you have failed to provide an alternative more suitable placement, which you are required to do under federal law.

Since Lakeside Joint School District is our local educational agency, you are responsible for ensuring that an IEP is in place prior to the start of the school year.

In your letter of March 18, 2008, you wrote that Rolling Hills Middle School was supporting Isaiah's 504 Plan.  They did not support Isaiah's 504 Plan and they have failed to provide him with the necessary support under the IDEA.

I have no doubt that if Isaiah had been enrolled at Fisher Middle School, the closest middle school to our residence, an IEP would be in place.

Isaiah is currently enrolled at Fisher's summer school program and is available for any testing or assessment there.

We expect an IEP to be put in place prior to the start of the school year.  A failure to implement an IEP prior to the start of the school year constitutes denial of FAPE.

Please make whatever arrangements are required to put an IEP in place in accordance with state and federal laws.

Regards,

Elise Stassart

CC:  Kathleen Seabourne, Categorical Programs Complaint Management Unit, California Department of Education

EXHIBIT FF

June 30, 2008

Dr. Bob Chrisman
Lakeside Joint Elementary School District
19621 Black Road
Los Gatos, CA 95033

RE:    MISAPPROPRIATION OF TITLE I FUNDING AND MISAPPROPRIATION
OF FUNDING AT THE DISTRICT LEVEL

Dear Dr. Chrisman,

According to a recent letter I have received from Kathleen Seabourne, Categorical
Programs Complaints Management Unit, California Department of Education, I am
required to file a formal complaint under the Uniform Complaint Procedure regarding
Lakeside Joint School District's refusal to use the Title I funds received, as well as other
funding received, for the education of middle school residents.

According to the California Department of Education, Lakeside Joint School District
receives Title I funding for the purposes of educating the K-8 students within the
Lakeside district boundary. However, Lakeside Joint School District does not contribute
a penny towards the education of their 6th-8th grade students.

According to your prior letter, Rolling Hills Middle School in the Campbell Union
School District is the designated program for Lakeside Joint School District middle
school students. However, Congress has declared that the neighborhood is the basis for
an appropriate education. Rolling Hills Middle School does not meet the criteria as a
neighborhood school. It is not located within the Lakeside Joint School District and it is
not located in an adjacent school district. It does not feed into Los Gatos High School,
which is the designated high school for Lakeside district residents.

"Recognizing that the Nation's economic, political, and social security require a well-
educated citizenry, the Congress
(1) reaffirms, as a matter of high priority, the Nation's goal of equal educational
opportunity, and
(2) declares it to be the policy of the United States of America that every citizen is
entitled to an education to meet his or her full potential without financial barriers." *20
USC 1221*

"(a) Entitlement to equal educational opportunity; neighborhood as appropriate basis
The Congress declares it to be the policy of the United States that—
(1) all children enrolled in public schools are entitled to equal educational opportunity
without regard to race, color, sex, or national origin; and

(2) the neighborhood is the appropriate basis for determining public school assignments."
*20 USC 1701*

The Supreme Court has ruled that when reviewing equal protection claims, "we require the distribution of funding for education to bear a close correspondence to legislative goals." E.g., *Hanson v. Williams County, supra.*

I sent a formal complaint under the UCP to Lakeside's attorney, Mark Williams, on May 7, 2008 advising that we will not be re-enrolling our child, Isaiah, at Rolling Hills Middle School. The designation of a non-neighborhood school constitutes denial of a FAPE. The denial of educational funding to all sixth, seventh, and eighth grade district residents constitutes denial of a FAPE. You have until July 7, 2008 to respond to that letter at which time I will be filing an appeal with the CDE.

My child attended Rolling Hills Middle School for the sixth grade and it resulted in serious emotional distress. This has been documented by three different mental health experts. Therefore, my child can not attend a school outside of his neighborhood.

Lakeside Joint School District is responsible for the public education of all district residents. Since the District receives funds that are to be used for my child's education, I am requesting that those funds be used for my child's education. Since Lakeside's designated program constitutes denial of a FAPE and the District refuses to provide any other educational services to any middle school students, including my son, I am requesting that Lakeside Joint School District use the funding to either pay for a private tutor for my child over the next two years or make other arrangements so my son can receive a FAPE within our district of residence, pursuant to California Education Code 48200, or within an adjacent school district. Adjacent school districts are Loma Prieta School District or Los Gatos Union School District.

Failure to use the Title I funds Lakeside Joint School District receives, along with the other funding from state and federal sources and property taxes, to provide a FAPE for middle school district residents constitutes a misappropriation of funds. Therefore, please consider this a formal complaint under the Uniform Complaint Procedure. Lakeside Joint School District has 60 days in which to respond, after which I will file an appeal with Kathleen Seabourne, California Department of Education.

Best regards,

Elise Stassart

CC: Kathleen Seabourne, Categorical Programs Complaint Management Unit, California Department of Education