**E-Filed 9/12/08**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ISAIAH JOSEPH WINTERS (A MINOR CHILD), BY PHILIPPE & ELISE STASSART, LEGAL GUARDIANS, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>LAKESIDE JOINT SCHOOL DISTRICT<br><br>Defendant. | Case Number C 08-1511 JF (PVT)<br><br>ORDER[1] DENYING AS MOOT PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS; DENYING AS PREMATURE PLAINTIFFS' REQUEST FOR HEARING FILED SEPTEMBER 2, 2008; AND SETTING DEADLINE FOR DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST AMENDED COMPLAINT<br><br>[re: docket nos. 7, 25, 30, 48] |

On August 15, 2008, the Court heard argument with respect to Plaintiffs' motion for summary judgment and Defendant's motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. For the reasons discussed below, both motions will be denied as moot, and Defendant will be directed to file an answer or other response to Plaintiffs' first amended complaint. Plaintiffs' request for

---

[1] This disposition is not designated for publication in the official reports.

hearing, filed September 2, 2008, will be denied without prejudice as premature.

## DISCUSSION

On March 19, 2008, Plaintiffs I.W. and Philippe and Elise Stassart (collectively, "the Stassarts," and, collectively with I.W., "Plaintiffs") filed this suit against Defendant Lakeside Joint School District ("Lakeside"). Plaintiffs live within Lakeside's boundaries in the Santa Cruz Mountains. Lakeside has a charter to educate students from kindergarten through eighth grade, but consists of only one elementary school that serves children in kindergarten through fifth grade. Until 2003, Lakeside's middle-school children were bused to Fisher Middle School ("Fisher") in Los Gatos, which is in the Los Gatos Union School District ("LGUSD"). LGUSD allowed Lakeside's students to attend Fisher at no cost because it received funding from the State of California based on student attendance data.

In 2003, LGUSD changed its status to Basic Aid, meaning that it no longer receives funding based on student attendance. Instead, LGUSD now receives as a lump sum a percentage of all property taxes collected in the district. As a result, LGUSD no longer is willing to accept Lakeside's students without cost. Plaintiffs allege that LGUSD would charge Lakeside $5,535.77 per student per year, and that Lakeside receives $6,329.62 per student per year from property taxes. Compl. at 6:18-20. However, instead of paying LGUSD to send its middle-school children to Fisher, Lakeside contracted with the Campbell Union School District ("Campbell Union"), which still receives its funding based on the number of students in attendance and does not charge Lakeside to accommodate its middle-school students. Lakeside students still attend high school in Los Gatos.

According to Plaintiffs, the schools in Campbell Union are "decidedly inferior" to the schools in Los Gatos. *Id.* at 7:7-8. They assert that the test scores are substantially lower in Campbell Union, that greater than twenty-five percent of the student population does not speak English, and that almost forty percent of the student population lives in poverty. *Id.* at 7:3-6.

The Stassarts are the guardians of I.W., a middle-school-age child. I.W. suffers from DSM-IV emotional disorders, post-traumatic stress disorder, and reactive associative disorder. *Id.* at 8:9-11. I.W. is enrolled at Rolling Hills Middle School ("Rolling Hills") in Campbell

1  Union.  Plaintiffs allege that I.W.'s academic and emotional development has regressed since he
2  enrolled at Rolling Hills.  *Id.* at 9:9-15.  Additionally, they claim that I.W.'s teachers at Rolling
3  Hills have failed to follow his educational guideline recommendations, and in fact have violated
4  the guidelines for dealing with traumatized children.  *Id.* at 9:22-24.  According to Plaintiffs,
5  Rolling Hills staff members repeatedly have told them "that they do not have the training,
6  funding, or services to support [I.W.'s] educational needs."  *Id.* at 9:24-26.
7        Plaintiffs filed the initial complaint in this action on March 19, 2008, asserting that
8  Lakeside has violated I.W.'s rights to a free education and to equal protection, taken their
9  property without just compensation, violated I.W.'s right to a free appropriate public education
10 ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et*
11 *seq.*, and violated I.W.'s right under the Equal Education Opportunities and Transportation of
12 Students Act, 20 U.S.C. § 1701 *et seq.* to be educated in his home district.  Plaintiffs filed a
13 motion for summary judgment on May 29, 2008.
14       Lakeside did not answer the complaint but instead filed a motion to dismiss for lack of
15 subject matter jurisdiction and for failure to state a claim upon which relief may be granted.  That
16 motion was heard on August 15, 2008.  At the hearing, the Court indicated orally that there were
17 a number of defects in Plaintiffs' complaint, but that Plaintiffs might be able to assert a viable
18 federal claim if granted leave to amend.  The Court stated that it would issue a written order
19 describing with particularity the defects in Plaintiffs' complaint.  Plaintiffs did not wait for the
20 Court to issue its order but instead filed an amended complaint on August 24, 2008.  The
21 amended complaint omits most of the claims that were asserted in the original complaint, and
22 seeks only a judicial declaration that the Memorandum of Understanding under which Lakeside
23 sends students to Campbell Union constitutes a partial regulatory taking that has resulted in
24 diminution of value of their property, as well as compensation for such diminution.
25       "A party may amend its pleading once as a matter of course" at any time before a
26 responsive pleading is served.  Fed. R. Civ. P. 15(a)(1)(A).  The Ninth Circuit has held explicitly
27 that "'a motion to dismiss the complaint is not a responsive pleading' within the meaning of Rule
28 15(a)."  *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1158 n.5 (9th Cir. 2007) (quoting *Miles*

1  *v. Dep't of Army,* 881 F.2d 777, 781 (9th Cir. 1989)).  Plaintiffs thus were entitled to amend their
2  complaint as of right despite the pendency of Lakeside's motion.  Because the amended
3  complaint differs significantly from the original complaint that was the subject of Plaintiffs'
4  motion for summary judgment and Lakeside's motion to dismiss, those motions now are moot.
5  Nothing in this order is meant to preclude any party from asserting any argument in a renewed
6  motion for summary judgment or renewed motion to dismiss directed toward the now-operative
7  first amended complaint.

8        On September 2, 2008, Plaintiffs filed a "Request For Hearing On Amended Complaint."
9  Plaintiffs appear to be requesting a hearing to determine the viability of their amended complaint.
10  This request is premature.  Pursuant to Fed. R. Civ. P. 15(a)(3), Lakeside must answer or
11  otherwise respond to the amended complaint within ten days after being served with the amended
12  complaint.  Because there may have been confusion regarding Lakeside's obligation given the
13  pendency of the motion for summary judgment and motion to dismiss, the Court will extend
14  Lakeside's time to respond until September 26, 2008.  If Lakeside files a motion to dismiss, that
15  motion will be set for hearing, at which time the Court will consider arguments from all parties
16  as to the adequacy of the amended complaint.

**ORDER**

(1) Plaintiffs' motion for summary judgment is DENIED AS MOOT;

(2) Lakeside's motion to dismiss is DENIED AS MOOT;

(3) Plaintiffs' request for hearing is DENIED WITHOUT PREJUDICE AS PREMATURE; and

(4) Lakeside is directed to answer or otherwise respond to the first amended complaint on or before September 26, 2008.

DATED: September 12, 2008

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2
   Elise Stassart                                          elise_moss@yahoo.com
3
   Mark Williams                                           mwilliams@fagenfriedman.com
4  Gretchen Shipley                                        gshiply@fagenfriedman.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 08-1511 JF (PVT)
ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ETC.
(JFEX3)