**E-Filed 11/17/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISAIAH JOSEPH WINTERS (A MINOR CHILD), BY PHILIPPE & ELISE STASSART, LEGAL GUARDIANS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> LAKESIDE JOINT SCHOOL DISTRICT <br><br> Defendant. | Case Number C 08-1511 JF (PVT) <br><br> ORDER[1] GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND <br><br> [re: docket no. 50] |

Defendant Lakeside Joint School District ("Lakeside") moves to dismiss the first amended complaint ("FAC") filed by Philippe and Elise Stassart (the "Stassarts") on behalf of themselves and their foster child Isaiah Joseph Winters. The Stassarts, proceeding *pro se*, allege that an agreement between Lakeside and Campbell Union School District ("Campbell Union"), pursuant to which Campbell Union agreed to provide education for Lakeside's middle-school students, constituted a partial regulatory taking and a violation of the Stassarts' procedural due process rights. The Court heard oral argument on Lakeside's motion on October 27, 2008. For the reasons set forth below, the motion will be granted, without leave to amend.

---

[1] This disposition is not designated for publication in the official reports.

## I. BACKGROUND

The Stassarts have lived within the boundaries of Lakeside since 1989.[2] Lakeside has a charter to educate students through eighth grade but only operates one elementary school for children through fifth grade. Until 2003, Lakeside's middle-school children (*i.e.*, children enrolled in grades six through eight) were bused to Fisher Middle School ("Fisher"), which is in the Los Gatos Union School District ("Los Gatos"). Los Gatos previously allowed Lakeside's students to attend Fisher at no cost because it received state funding based on the number of students enrolled in its schools.

In 2001, Los Gatos changed its status to "basic aid," which meant that it no longer received state funding based on student attendance. Following this change, Los Gatos refused to accept Lakeside middle-school students at no cost. For a brief time, Lakeside paid Los Gatos to provide middle-school education to its students. However, since 2003, Lakeside has contracted with Campbell Union for this service.[3] As previously was the case with Los Gatos, Campbell Union receives attendance-based funding from the state and thus does not charge Lakeside for the education of Lakeside's middle-school students. The agreement between Lakeside and Campbell Union is renewed annually.

According to the Stassarts, the Campbell Union middle school to which Lakeside students now are sent—Rolling Hills Middle School—is "a farther commute, has lower test scores, has a higher drop-out rate, does not feed into Los Gatos School, and is in an area with high gang activity." FAC ¶22. The Stassarts allege that their home has lost market value because any potential buyer with children will find a home within Lakeside to be less desirable than it was prior to the 2003 agreement between Lakeside and Campbell Union. In addition, the Stassarts allege that only parents with children actively enrolled within Lakeside in 2003 were notified regarding the potential change in middle schools.

The Stassarts initiated the instant action on March 19, 2008. Their initial complaint alleged

---

[2] The Stassarts' home is located within the town of Los Gatos, California. When they purchased their residence, it "was listed as being within the Lakeside Joint Elementary School District and the Los Gatos–Saratoga High School District." FAC ¶2.

[3] Lakeside students still attend high school in Los Gatos.

2

several claims for relief on behalf of their foster child, as well as a claim for diminution of their home's property value without just compensation.[4] Lakeside responded by filing a motion to dismiss the initial complaint. Before the Court could issue an order regarding the motion to dismiss, the Stassarts filed the operative FAC, which omits all of the claims related their foster child's educational needs. The FAC addresses only the alleged diminution in the Stassarts' property value, and claims that the 2003 agreement between Lakeside and Campbell Union constituted a partial regulatory taking in violation of 42 U.S.C. § 1983 and the Fifth Amendment to the Constitution. As a remedy, the FAC seeks monetary damages in an amount equal to the loss in property value. The FAC also alleges that the Stassarts were denied "due process" when they were not notified of the public hearings regarding a potential agreement with Campbell Union. The Court treats this allegation as a claim based upon the Stassarts' procedural due process rights under the Fourteenth Amendment.

Lakeside subsequently filed the instant motion to dismiss and seeks dismissal of the Stassarts' claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. At oral argument, the Court requested that the Stassarts file additional evidence, if any, to show that they have exhausted all available state remedies. The Stassarts then filed a copy of a letter from the California Department of Education ("CDE"), dated June 25, 2008. As discussed in further detail below, this letter fails to establish that the Stassarts have exhausted all available state remedies.

## II. STANDARD OF REVIEW

When considering a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A motion to dismiss for lack of subject matter jurisdiction may be based upon either facial or factual deficiencies in the complaint. *See Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party asserts that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Id.* In a factual attack, the

---

[4] Isaiah did not come under the Stassarts' care until 2005.

3

moving party disputes the truth of the allegations in the complaint, which otherwise would be sufficient to invoke federal jurisdiction. *Id*. In resolving a facial attack, the Court accepts the allegations in the complaint as true. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). In resolving a factual attack, the Court need not presume the truthfulness of the allegations set forth in the complaint and may consider evidence beyond the face of the complaint without converting the motion to dismiss into a motion for summary judgment. *Id*. Once the moving party has presented affidavits or other evidence tending to show that subject matter jurisdiction does not lie, the plaintiff must present affidavits or other evidence sufficient to establish subject matter jurisdiction. *Safe Air*, 373 F.3d at 1039.

For a motion to dismiss for failure to state a claim, "[d]ismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

The pleading of a *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to be afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* litigant must be given leave to amend at least once unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

### III. DISCUSSION

The Takings Clause of the Fifth Amendment, which is made applicable to state action through the Fourteenth Amendment, prohibits governmental seizure of private property without just compensation. *See Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005). A *per se* taking occurs when the government physically takes or permanently occupies property. *See, e.g.*, *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (1982). Just compensation for physical takings is required regardless of whether the occupation is partial or total. *Lingle*, 544 U.S. at 538.

Additionally, the Supreme Court has developed a doctrine requiring compensation for "regulatory takings." *See, e.g., Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104 (1978). A *per se* regulatory taking arises when a government regulation causes a complete deprivation of a property's reasonable use. *See Lingle*, 544 U.S. at 538-40. A regulation that deprives a landowner of only some use of its property may in certain circumstances also implicate the Takings Clause as a "partial" regulatory taking. *See id*. at 539.

A facial takings claim alleges that a regulation constitutes a taking by its plain language. *See Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 736 n.10 (1997). Because such regulations clearly implicate the Takings Clause, facial takings claims are ripe immediately. *Id*. However, such regulations are rare. More often, a regulation is challenged as being an "as-applied" taking, which means that the regulation constitutes a taking when applied to a particular property. In other words, such a regulation does substantially advance legitimate state interests in certain circumstances and therefore is not facially unconstitutional. *See Yee v. City of Escondido, Cal.*, 503 U.S. 519, 534 (1992).

A property owner also may challenge a regulation under the Due Process Clause of the Fourteenth Amendment. *See Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008). "[T]he Due Process Clause provides that certain substantive rights – life, liberty, and property – cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). In other words, if there is a constitutionally protectable interest, that interest cannot be diminished by government action without "notice and opportunity for hearing appropriate to the nature of the case." *Id*. at 542 (citation omitted).

A. Ripeness of the Stassarts' Takings Claim

Lakeside asserts that the FAC should be dismissed for lack of subject matter jurisdiction because the Stassarts' regulatory takings claim is not ripe for adjudication. Assuming *arguendo* that the agreement between Lakeside and Campbell Union actually is a taking, it is an as-applied taking. The plain language of the agreement between Campbell Union and Lakeside does not indicate any regulatory taking. Moreover, the agreement substantially advances certain state interests by mitigating Lakeside's budgetary concerns.

"[A]n as-applied takings claim is ripe only if the plaintiff can establish that (1) 'the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue,' and (2) the claimant has sought 'compensation through the procedures the State has provided for doing so.'" *Carson Harbor Village, Ltd. v. City of Carson*, 353 F.3d 824, 826 (9th Cir. 2004) (quoting *Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985)). In the instant case, Lakeside argues that the Stassarts have failed to meet the second prong of the *Williamson* test because they have not exhausted their state court remedies for the alleged taking. In response, the Stassarts assert that the June 25, 2008 letter from the CDE shows that they have exhausted all available state remedies.

The letter from the CDE responds to an earlier letter from the Stassarts, in which the Stassarts set forth numerous grievances regarding Lakeside's decision to contract with Campbell Union. The CDE letter notes that the Stassarts' complaints involve both the education of their foster child specifically as well as of Lakeside middle school students generally. From the CDE letter and other documentation filed by the Stassarts, it is evident that the Stassarts currently are pursuing administrative remedies on behalf their foster child. Thus, any federal claims based on the child's specific educational needs are not ripe; nor are the Stassarts asserting any federal claims on his behalf at this time.

With respect to the interdistrict transfer as applied to all students, the CDE letter states that the CDE "does not have jurisdiction, at this time, in the issues you describe." CDE Letter at 1-2, June 25, 2008. The letter goes on to state: "Local education agencies have authority over general education processes such as district reorganization and interdistrict transfers; although certain local district reorganization decisions may be appealed to the California State Board of Education." *Id*. at 2. The CDE also informed the Stassarts that they may file a complaint through the Uniform Complaint Procedures ("UCP") process:

> regarding the use of Title I funding or the misappropriation of funds at the District level…if you do file a formal complaint under UCP, and [Lakeside] fails to respond within 60 days of your letter, or if you believe that [Lakeside's] decision is incorrect as a matter of fact or law, you may wish to appeal to the CDE within 15 days after [Lakeside's] letter was due or upon receipt of the decision by [Lakeside].

*Id.* Accordingly, the Stassarts have an avenue for an appeal (and possible reversal) of the decision by Lakeside to send its middle school students to Campbell Union. The underlying reason for the transfer agreement involves budgetary concerns. If the Stassarts can convince the CDE that the decision by Lakeside to contract with Campbell Union instead of Los Gatos violated the relevant rules and regulations regarding interdistrict transfers, presumably the CDE would void the agreement between Lakeside and Campbell Union. Such a result would remedy the claims asserted in the operative complaint. Moreover, the Stassarts have failed to present any argument or evidence that would support adjudication in federal court as opposed to state court, which is the normal forum for a takings claim. *See Carson Harbor*, 353 F.3d at 827-28. Accordingly, the Court concludes that the Stassarts have failed to establish that their claims are ripe for federal review.[5]

### B. Due Process Claim

The Court also concludes that the Stassarts' procedural due process claim is not ripe for adjudication. A procedural due process claim under 42 U.S.C. § 1983 is subject to the exhaustion requirement. *See Stardust Mobile Estates LLC v. City of San Buenaventura*, 142 Fed. Appx. 300, 301 (9th Cir. 2005) (plaintiff "must seek compensation through available state procedures before bringing a 42 U.S.C. § 1983 claim attacking the decision-making process that allegedly resulted in an unlawful taking."). *See also Braun v. Ann Arbor Charter Tp.*, 519 F.3d 564, 573 (6th Cir. 2008) ("procedural due process claim is subject to *Williamson County's* exhaustion requirement").

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Lakeside's motion to dismiss the first amended complaint is GRANTED, without leave to amend. The Stassarts are not foreclosed from filing a future complaint in federal court if any viable claims exist after exhaustion of all available state administrative and/or judicial remedies.

---

[5] As noted in the FAC, the agreement between Campbell Union and Lakeside is renewed annually and may be terminated by either party upon eighteen months' notice. Thus, an additional administrative remedy may include an appeal of the agreement's renewal.

1

2  DATED: November 17, 2008

3

4

   _____
5  JEREMY FOGEL
   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

Case No. C 08-1511 JF (PVT)
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFLC1)

1 This Order has been served upon the following persons:

2 Elise Stassart    elise_moss@yahoo.com

3 Gretchen Shipley    gshipley@fagenfriedman.com, dmoreno@fagenfriedman.com, kjenkins@fagenfriedman.com, mwilliams@fagenfriedman.com

4

5 Mark Steven Williams    mwilliams@fagenfriedman.com, kjenkins@fagenfriedman.com

Elise Stassart
6 21951 Bear Creek Way
Los Gatos, CA 95033

7
Phillippe Stassart
8 21951 Bear Creek Way
Los Gatos, CA 95033

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

Case No. C 08-1511 JF (PVT)
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFLC1)